HOLMES, Judge.
This is a divorce case.
The wife appeals, contending the trial court abused its discretion in the division of property and in failing to award periodic alimony. Furthermore, the wife contends a provision in the divorce decree will render her incapable of finding employment and will unduly restrict her religious activities.
We find the trial court did not commit reversible error and affirm.
Viewing the record with the attendant presumption accorded the trial court’s action, we find the following:
The parties were married for approximately fifteen years. Two children were born of the marriage. Both the children are minors, being thirteen and eight years of age respectively.
The wife is approximately thirty-one years old and has no separate estate. She married the husband when she was sixteen years old. She was unemployed at the time of the divorce, but did work approximately two and one-half years during the course of the marriage as a seamstress and/or a grader of processed poultry. She testified she quit these jobs at her husband’s insistence. The husband is thirty-nine years old and employed by Republic Steel Corporation. His duties are to supervise and coordinate all work having to do with the coal preparation plant at a local coal mine. The husband’s gross income in both 1978 and 1979 was approximately $30,000.
The divorce proceedings were marked by considerable acrimony. Prudence dictates that we do not set out the parties’ allegations in detail. Suffice it to say the wife complained the husband was subject to fits of anger and claimed that he would regularly curse and beat her. Her mother and sister each testified to witnessing such an event.
The husband denied these allegations. He admitted there had been an incident at the mother’s home some six years prior, but denied striking the wife. He claimed he was merely trying to get the older child of the marriage away from the wife because the wife had left him and had taken up residence with another man. The husband further accused the wife of attacking him on several occasions.
There was further testimony that during the three years preceeding the divorce the wife had become engrossed in church related activities. The husband testified she would be gone from home several days at a time. He claimed that she would attend various functions nearly every week night, staying gone until late in the evening. The husband further stated the wife failed to keep the home in order because of her frequent absences.
There was testimony the wife brought the children to these functions. They would sometimes sleep in the pews until the wife was ready to return home. Because of this, the husband sought custody, contending these long and irregular hours were adversely affecting the children.
The trial judge, after the ore tenus hearing, divorced the parties on the ground of incompatibility. He awarded custody of the two children to the wife and ordered that the husband pay $600 per month in child support. He also ordered that the husband maintain medical insurance coverage for the children.
The decree provided further:
*706 3. That during the time that the children are in the care, custody and control of the Plaintiff, she will curtail all activities that require her to be away from the children, or requires the children to travel from the home during the week except for one church function of reasonable duration and normal school and social functions in which the children may become involved.
The wife was awarded an automobile and all the furniture, fixtures, and household goods of the parties. She was granted the right to possess the family residence until the younger child attained majority. The husband-was ordered to pay the monthly mortgage note and all reasonable expenses for the upkeep of the house. It was provided the house would be sold when the youngest child reached majority, with the proceeds being equally divided after the husband was reimbursed for the above expenditures.
The husband was awarded his personal property, a pickup truck, a boat and motor, and a five acre tract of land on which was situated a mobile home. He was allowed to retain his retirement and savings with his employer. However, he was ordered to pay all then outstanding family debts and obligations. These were in excess of $14,000, excluding the amount due on the mortgage.
As indicated, the wife appeals the denial of periodic alimony, the division of property, and the inclusion of the above quoted provision relating to her church activities.
At the outset, we note that when the evidence in a divorce case is heard ore tenus, the trial court’s findings are presumed correct and the division of property and award of alimony will not be disturbed on appeal in the absence of proof that the trial court’s discretion was exercised in an arbitrary and unjust manner. Johnson v. Johnson, Ala.Civ.App., 360 So.2d 996, cert. denied, Ala., 360 So.2d 999 (1978).
With the above facts in mind, we cannot say the learned trial judge abused his discretion in the division of property. The wife was awarded the homeplace for so long as the youngest child remains a minor. The husband was burdened with monthly payments in excess of $800, excluding his child support obligation.
True, all but the house payment and child support may conceivably soon be satisfied, but, as a consequence, the property awarded the wife will not be encumbered or a financial burden to her. The division of property is affirmed.
Likewise, we see no abuse of discretion, on these facts, in requiring the wife to curtail some of her church related activities as they relate to the welfare of the children. There was evidence the wife took the children with her as she traveled to these functions. They were oftentimes kept out until midnight and forced to find rest by sleeping in the pews. The father testified this was noticeably detrimental to their health.
It is well established that the trial court’s predominant consideration in such a case is the best interests of the children. Gandy v. Gandy, Ala.Civ.App., 370 So.2d 1016, cert. denied, Ala., 370 So.2d 1019 (1979). Indeed, § 30-3-1, Code of Ala.1975, allows the trial court, upon granting a divorce, to make such orders in respect to the custody of the children as their safety and well-being may require. Thus, the court has approved reasonable restrictions in divorce decrees which promote the welfare of the children involved. Allen v. Allen (Holt), 385 So.2d 1323 (Ala.Civ.App., 1980).
Here, in a candid exchange at the hearing on the wife’s motion for new trial, the learned trial judge stressed that, in his view, the wife’s activities approximated abuse. He indicated that having found the husband fit, he would have awarded custody to him but for the challenged provision. We conclude that, under such circumstances, the provision was neither unreasonable nor arbitrary.
This is not to say that such provisions are to be lightly included in divorce decrees. If, as the mother contends, the provision prohibits the free exercise of her religion, this would be a different case, involving grave constitutional questions. See, Simo- *707 netti v. City of Birmingham, 55 Ala.App. 163, 314 So.2d 83, cert. denied, 294 Ala. 192, 314 So.2d 99 (1975).
However, as we read the provision, and as the trial judge explained it, the wife is merely to refrain from volunteering her services on a nightly basis so long as she has custody of the children. She is free to do as she pleases on weekends and one night per week or any other time she does not have custody. Such an order comports with what the trial judge reasonably found to be the best interests of the children. Put another way, the limiting provision of the decree was simply the condition the trial court placed on the wife in order for her to obtain custody. If she does not desire custody such a decision can be appropriately processed. Or if she voluntarily places temporary custody with the husband she may attend whatever meetings she desires.
Finally, we address the wife’s contention she should have been awarded periodic alimony. She points to her lack of education and work experience, as well as to the alleged fault of the husband in causing the divorce. The husband counters by pointing to what he would term the wife’s misconduct.
It is not for this court to resolve such evidentiary conflicts. The trial court heard and saw the witnesses and it was his duty to resolve any conflicts in the evidence. Brooke v. Brooke, 57 Ala.App. 704, 331 So.2d 715 (1976).
As indicated, the learned trial judge felt the wife’s inordinate time spent away from home came very close to abuse of the children. There was testimony which, if believed, would show the wife had been unfaithful to the husband. Again, there was evidence that the wife, not the husband was the more aggressive party. Furthermore, the husband complained that the wife’s frequent absences led to neglect of the homeplace.
As was said in Plaskett v. Plaskett, Ala. Civ.App., 348 So.2d 784, 788, cert. denied, Ala., 349 So.2d 789 (1977):
An award of alimony as incident to the granting of a divorce is not mandatory but at the discretion of the trial court... . Misconduct of a wife, even though not grounds for a divorce, may be considered as a measure abridging her claim to an allowance of alimony. . . . (Citations omitted.)
There, as here, the wife had little work experience and was denied alimony. Indeed, the wife in Plaskett was suffering from physical disabilities which are absent in this case. There also, as here, all outstanding family debts were to be paid, leaving the wife with small living expenses. However, in Plaskett, the family home was to be immediately sold, with such debts to be paid from the proceeds before division. Here, not only will the wife retain the right to possession of the house, but also the debts must be borne solely by the husband. If there was no abuse of discretion in Plask-ett, then clearly, there was none in the instant case.
In light of the above, we need not address in depth the wife’s contention the challenged portion of the decree relating to her outside activities will prevent her from seeking employment. Suffice it to say the decree in no. way addresses nor limits her ability to hold normal employment.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.