Henry Clifton Arnold, Jr., was convicted by a Jefferson County jury of the capital offense of murder during the course of a robbery in the first degree. He was sentenced to life imprisonment without parole. The single issue presented is whether the trial court erred in denying the motion to suppress the appellant's recorded statement. Appellant challenges the voluntariness of his confession because the tape recorder recording his statement was twice turned off and then turned back on. Each time the recorder was turned back on the officers attempted to verify that nothing to mar the voluntariness of the statement had occurred during the interim period. The statement was more incriminatory in its latter stages.
The investigators' testimony tended to indicate that the first break in the questioning came when they turned off the tape recorder and went to question a co-defendant, David Tall, in another room of police headquarters. The second break in the recording came when the appellant had a phone call and they stopped while he talked on the telephone.
Appellant testified that the investigators told him that he "held his life in the palm of his own hand," and that it would be easier for him if he made a statement. The trial court resolved the conflict in the evidence in its ruling that the presumption of involuntariness had been overcome. We see no reason to overturn that decision.
 II
At the suppression hearing, defense evidence indicated that the appellant had abused drugs and alcohol in the past, that the appellant had presented a substantial disciplinary problem when in high school, and that he had performed poorly on achievement tests. The appellant, testifying in his own behalf at the suppression *Page 490 
hearing, claimed to have consumed enormous quantities of drugs and alcohol on the day that he confessed. He admitted to signing the rights waiver form but denied understanding its contents at the time. He said that during the two-hour interrogation he "did not have a meal" or go to the restroom. It was contended that he had limited reasoning ability or low intelligence.
We daily hear arguments from counsel that their clients are of limited mental ability. Prisons have a great many inhabitants of limited reasoning ability.
Having a low I.Q. is not a license to commit crimes in Alabama. Neither does having a low I.Q. invalidate statements unless the I.Q. is so very low that the person making the statement absolutely cannot understand his Miranda rights. The evidence in this case falls far short of proof of such a condition.
We find no error in the actions of the trial court, and, therefore, affirm. We write this as an opinion rather than a memorandum only because of the seriousness of the offense.
AFFIRMED.
All the Judges concur, except BOWEN, P.J., who concurs in result only.