Appellant Danny Ray Jefferson was sentenced to 10 years' imprisonment for assaulting with a knife one Harold Thomas at Butler High School, Huntsville, Alabama, in violation of Ala. Code § 13A-6-20 (1975).
Jefferson and Thomas got into a fight before school. The appellant was handed a knife and stabbed Thomas 15 times, including stab wounds to the base of the neck, the right chest and the left cheek. After this occurrence the appellant walked to the assistant principal's office where he saw Mrs. Janice Stewart, a "campus supervisor." At trial, Mrs. Stewart testified that she heard that there had been a fight and someone had been cut. She went to the scene of the fight and found the knife, later identified as state's exhibit 10, lying in a pool of blood. Mrs. Stewart took the knife to the principal's office and later turned it over to the police. Mrs. Stewart spoke to the appellant and got some ice to place on his injured hand. Jefferson said that the knife had broken and cut him during the fight and he threw it down. She asked him if the other boy was hurt badly and he replied, "He's probably bleeding to death." Then he said that if the knife hadn't broken and cut him, he "would still be cutting." Appellant also said this to Rodney Williams and Charlie Langford, two other students who were in the office at the time.
 I
Appellant first contends that the statements made to Mrs. Stewart were the result of a custodial interrogation without appropriate constitutional guarantees. Therefore, he contends, such statements should have been suppressed. We disagree.
Although appellant cites the Miranda definition of a custodial interrogation — "Questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way,"Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612,16 L.Ed.2d 694 (1966) — we do not find the elements necessary to rise to a custodial interrogation in this case. Jefferson voluntarily went to the assistant principal's office. He was not in custody and Mrs. Stewart did not arrest him. The record indicates that his statements were voluntary.
For these reasons, we find that appellant's Miranda rights were not violated. *Page 1282 
The trial court did not err as to this contention.
 II
Jefferson further contends that the court erred in allowing cross-examination of his character witnesses regarding whether they had heard of certain specific acts of bad conduct by appellant. Appellant called his minister, a co-worker and several others to the witness stand to testify to his good general reputation. The prosecutor cross-examined these persons by asking whether they had heard that the appellant had pulled a knife on the assistant principal at Butler High School; if they had not heard that he had threatened a parent who was attempting to pick up her child from school; if they had not heard that appellant had been convicted of harrassment in 1982; and if they had not heard that he had assaulted a one-year-old child. It is to these questions that appellant objects.
There was only a general objection made to the questions asked of the first character witness. No objections were made to the same or similar questions asked of subsequent character witnesses. If counsel makes objections and secures rulings "off the record," this court cannot consider those rulings. If the trial court hears objections and makes rulings in sidebar conferences only, then the court reporter must be a party to the side-bar conference if the actions of counsel and the court are to be recorded. Our review is limited to matters of record.Trest v. State, 409 So.2d 906, 909 (Ala.Cr.App. 1981). Motions to exclude responses of certain witnesses at the conclusion of all the testimony and a motion for mistrial at the conclusion of all the testimony, such as were made here, do not serve to preserve error as substitutes for objections made at the time the questions were asked and before the answers were given. The substantive issue sought to be raised by appellant is covered by C. Gamble, McElroy's Alabama Evidence § 27.01 (5) (3d ed. 1977), which states that
 "If a witness testified at the calling of the accused to the accused's good general reputation as a whole, the state, on cross-examination, may ask such witness whether, prior to the time of the alleged offense, he heard reports, rumors or statements derogatory of the accused."
No error was committed by the court in this regard.
 III
Appellant next contends there was error in admitting into evidence state's exhibit 10, the knife, on the grounds that there was not evidence of an "unbroken chain of custody." At trial, appellant objected only on the ground that the state failed to prove the knife was in the same condition as it was when received and where it had been in the meantime. The knife was identified by Mrs. Stewart as the one she picked up at the scene of the fight in the pool of blood immediately after the fight. She stated that it was in the same condition as it was at the time she recovered it. She said that she gave the knife to the police and until she saw it in court she did not know where it had been. There may have been a break in the chain of custody, but this does not prevent the piece of evidence from being admitted. We find that there existed a reasonable probability that there had been no tampering with the evidence. See Congo v. State, 409 So.2d 475 (Ala.Cr.App.), cert.denied, 412 So.2d 276 (Ala. 1982).
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.
 *Page 296