Samuel Hoyt Hubbard and Gary Robert Reach were both indicted for the offense of trafficking in cannabis, in violation of § 20-2-80, Code of Alabama 1975. The jury found the appellants "guilty as charged in the indictment." A sentencing hearing was held, at which the trial judge granted a defense motion for judgment of acquittal as to the trafficking conviction. He then found the appellants guilty of possession of cannabis, in violation of § 20-2-70, Code of Alabama 1975. Samuel Hoyt Hubbard was sentenced to 20 years' imprisonment in the penitentiary. Gary Robert Reach received a suspended sentence of five years and was placed on supervised probation. In addition, Mr. Reach was fined $5,000.
 I
At the conclusion of the State's case, the appellants made a motion for judgment of acquittal. One of the grounds alleged was that the State failed to prove that the substance in question contained more than 2.2 pounds of marijuana, as required by § 20-2-80, Code of Alabama 1975. This motion was denied.
In his oral charge to the jury, the trial judge instructed the jury on the elements of trafficking in cannabis, as set out in § 20-2-80, Code of Alabama 1975, and on the lesser included offense of possession of cannabis, as set out in § 20-2-70, Code of Alabama 1975. The jury found both appellants guilty of trafficking under § 20-2-80, Code of Alabama 1975.
At the sentencing hearing, the judge entertained a renewed motion for judgment of acquittal. At this point, the State conceded it had failed to establish a prima facie case of trafficking because the toxicologist's testimony failed to specify that there was in excess of 2.2 pounds of marijuana contained within the ten pounds of green leafy material in evidence. The State then requested that the trial judge find the appellants guilty of the lesser included offense of possession of cannabis.
The trial judge granted the motion for judgment of acquittal as to the trafficking convictions and found each of the appellants guilty of the lesser included offense of possession of cannabis.
The offense of trafficking in cannabis does require that the State prove that the amount of cannabis is in excess of 2.2 pounds. See Dickerson v. State, 414 So.2d 998
(Ala.Cr.App. 1982). As the State concedes that this element was not proven at trial, there was insufficient evidence to sustain the appellants' convictions for trafficking in cannabis.
Under Rule 12.3, A.R.Crim.P.(Temp.), the trial judge has the authority to grant a motion for judgment of acquittal after the verdict in the cause. Certainly, the trial court was correct in granting the appellants' motions for judgment of acquittal as to the trafficking offense.
The appellants' contention on appeal is that the trial judge incorrectly found the appellants guilty of the lesser included offense of possession of cannabis.
This appellate court has the power to reverse a conviction and, at the same time, order the entry of a judgment of guilty on a lesser included offense.
 "State and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of judgment on a lesser-included offense. See, e.g., United States v. Cobb, 558 F.2d 486, 489 (8th Cir. 1977); Austin v. United States, 127 U.S.App.D.C. 180, 191-192, 382 F.2d 129, 140-142 (D.C. Cir. 1967); Luitze v. State, 204 Wis. 78, 234 N.W. 382 (1931). The usual situation in which this occurs is when there is insufficient evidence to support one of the elements of an offense. A court may be reluctant to overturn an entire conviction when there is ample evidence to support a lesser-included charge which does not contain the insufficiently proven element. The authority to order the entry of judgment on the lesser-included offense is both statutory, see, e.g., 28 U.S.C. § 2016, and based on the common law. The constitutionality of the practice has never seriously been questioned." *Page 582 
Ex parte Edwards, 452 So.2d 508, 510 (Ala. 1984), (quotingDickenson v. Israel, 482 F. Supp. 1223, 1225 (E.D.Wis. 1980),aff'd, 644 F.2d 308 (7th Cir. 1981)).
The gist of the appellants' argument seems to be that, while appellate courts have this authority, a trial court does not have the authority to find a party guilty on a lesser included offense after the trial judge has granted a motion for judgment of acquittal as to the higher offense. We disagree.
If the trial judge does not have the inherent authority to enter judgment on his own, then the trial judge in this particular situation would be left in a unique dilemma. Assuming the trial judge did not have this power, under these facts, he would have two options.
The first option would be to grant the judgment of acquittal as to the higher offense and the appellants' convictions of the higher offense would be rendered.
The second option would be for the trial judge to deny the motion for judgment of acquittal, knowing full well that he is committing reversible error, in order to allow the appellate courts to reverse the conviction of the higher offense and remand the case to the trial court for the entry of a judgment on the lesser included offense.
We find no legal fault in a trial judge rendering judgment of conviction on a lesser included offense, as long as a jury has been charged on the lesser offense and has found the defendant guilty of the greater offense as in this case at bar.
Possession of cannabis is a lesser included offense of trafficking in cannabis. Sears v. State, 479 So.2d 1308
(Ala.Cr.App. 1985).
The only distinction between trafficking in cannabis and possession of cannabis is that trafficking requires the additional element that there must be in excess of 2.2 pounds of cannabis. This was the element which was lacking in the State's case here. Obviously, the trial jury found the existence of all the elements of possession of cannabis since it returned a guilty verdict for the higher offense of trafficking in cannabis. We find the trial judge was correct in this instance by entering a judgment of conviction for the offense of possession of cannabis as to these two appellants.
 II
The appellants contend that the case should be reversed because they received one less jury strike than the prosecution. The jury strike list contained the names of 58 prospective jurors. (R. 559) This list was reduced to 57 after one of the jurors was disqualified for having served on the grand jury. (R. 69 and 559) This resulted in the prosecution having 23 strikes and the codefendants having a combined total of 22 strikes.
The appellants assert that the unequal number of strikes between the State and the defense is a denial of "due process" and the "equal protection of the law" as guaranteed by amendments V and XIV of the United States Constitution. We disagree.
In Coon v. State, 431 So.2d 569 (Ala.Cr.App. 1982), there were 33 prospective jurors available for jury service. This resulted in the State having 17 strikes and the defense having only 16 strikes. In affirming this result, we stated that, "[t]he mathematical result accords with the law and with the practice generally in criminal cases throughout the years. The trial court was correct in ruling as it did on the subject." Coon, 431 So.2d at 573. See also, Moore v. State, 488 So.2d 27
(Ala.Cr.App. 1986).
The appellants attempt to distinguish Coon from the case at bar on the ground that only one defendant was being tried inCoon while there are two defendants in the case at bar. The appellants assert that Rule 15.4(h), A.R.Crim.P.(Temp.), requires that each codefendant have the same number of strikes and, further, that their combined number should be equal to the prosecution's number of strikes. Rule 15.4(h) states that:
 "If two (2) or more persons are being tried jointly, to the minimum number of names otherwise required for striking *Page 583 
there shall be added twelve (12) additional names for each additional defendant; provided, there shall then also be added so many more names as may be necessary to allow all defendants an equal number of strikes. The district attorney shall strike first, and shall strike one (1) name from the list; then one (1) defendant shall strike one (1) name from the list; then the district attorney shall strike one (1) more name from the list; and then the next defendant shall strike one (1) name from the list. The defendants shall each have a turn in the same order as the filing of the charges against them; or if they were charged in the same instrument, then in the order in which their respective charges appear therein: unless they agree upon a different order. The parties shall continue to strike off names alternately, first the state, then one defendant, in this fashion until only twelve (12) names remain on the list, and the twelve (12) persons thus selected shall be the jury charged with the trial of the defendants.
 "(Added effective March 1, 1983.)" (Emphasis added.)
After a close reading of Rule 15.4(h), we find nothing therein which prohibits the prosecution from having one more strike than the combined number of strikes of the codefendants. This rule simply requires that all codefendants have an equal number of strikes. The appellants each had eleven strikes and, thus, Rule 15.4(h) was not violated in this instance.
 III
The appellants argue that the cannabis should not have been admitted into evidence because the State failed to establish a proper chain of custody.
On appeal, the appellants argue that there was a discrepancy, which was not sufficiently explained at trial, between the color of the bags taken at the scene and the color of the bags turned over to the State toxicologist, Melinda Long.
This issue has not been preserved for our review. At the trial level, the appellants only objected to the admission of the cannabis on the ground that the State failed to establish a proper chain of custody.
However, the appellants did not specify why a proper chain of custody was not established.
 "It has long been the law in this state that objections to the admission of evidence must be made at the time the evidence is offered, and must state the specific grounds so that the trial court may rule on the matter. Grounds of objection should not be raised for the first time on appeal."
Jelks v. State, 411 So.2d 844, 847 (Ala.Cr.App. 1981) (emphasis added). See also, Suarez v. State, 369 So.2d 858 (Ala. Cr. App), cert. denied, 369 So.2d 863 (Ala. 1979).
We find that the objection raised by the appellant was a general objection; thus, there is nothing before this court to review. See Reeves v. State, 456 So.2d 1156 (Ala.Cr.App. 1984).
For the reasons stated herein, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.