The defendants, Samuel Hoyt Hubbard and Gary Robert Reach, were indicted in the Circuit Court of Perry County for the offense of trafficking in cannabis in violation of Code 1975, § 20-2-80. The trial judge instructed the jury on the elements of trafficking in cannabis and on the lesser included offense of possession of cannabis, under § 20-2-70. The jury found both defendants guilty of trafficking (§ 20-2-80). The Court of Criminal Appeals affirmed the conviction, and we issued the writ of certiorari.
At the sentencing hearing, the trial judge granted the defendants' motion for acquittal, setting aside the trafficking verdict, but the court pronounced the defendants guilty of the lesser included offense of felony possession, holding that the State had failed to establish a prima facie case of trafficking. The toxicologist, testifying on behalf of the State, had failed to specify that there was in excess of 2.2 pounds of cannabis contained within the 10 pounds of green leafy material admitted into evidence.
In order to prove a prima facie case of trafficking in cannabis, the State must prove that the defendant is in possession of an amount of cannabis in excess of 2.2 pounds. Section 20-2-80; Mulhern v. State, 494 So.2d 787
(Ala.Crim.App. 1986). Possession of cannabis is a lesser included offense of trafficking in cannabis. Ex parte Darby, 516 So.2d 786
(Ala. 1987). Both require proof of the same elements, except that trafficking also requires proof of an additional element: that the defendant *Page 585 
was in possession of more than 2.2 pounds of cannabis.
The defendants contend that the trial judge erred in adjudging them guilty of possession of cannabis after entering the acquittal on the trafficking conviction.
In this case, the indictments read in pertinent part: "[The defendants] . . . did unlawfully, willfully, feloniously and knowingly sell, manufacture, deliver or bring into the State of Alabama, or have in [their] possession in excess of one kilo or 2.2 pounds of marijuana. . . ." The indictments clearly informed the defendants of the nature of the charge against them. The State offered sufficient evidence on the lesser included offense of possession. The jury was instructed on the elements of trafficking and on the lesser included offense of possession. Simply stated, we cannot see how the defendants have been prejudiced by the trial judge's actions. We agree with the holding of the Court of Criminal Appeals, which stated:
 ". . . Obviously, the trial jury found the existence of all the elements of possession of cannabis since it returned a guilty verdict for the higher offense of trafficking in cannabis. We find the trial judge was correct in this instance by entering a judgment of conviction for the offense of possession of cannabis as to these two appellants."
Hubbard and Reach v. State, 562 So.2d 580, 582
(Ala.Crim.App. 1989).
Next, the defendants contend that they were denied due process and equal protection under the law because the State received one more strike than the defense.
The jury strike list contained the names of 58 prospective jurors. One prospective juror had served on the grand jury and was properly disqualified, thus reducing the list to 57 prospective jurors. Because the State had the first strike, it had one strike more than the defendants had. As the Court of Criminal Appeals noted in Coon v. State, 431 So.2d 569, 573
(Ala.Crim.App. 1982), "[t]he mathematical result accords with the law and with the practice generally in criminal cases throughout the years." See also, Moore v. State, 488 So.2d 27
(Ala.Cr.App. 1986).
In both Coon and Moore, there was only one defendant. The defendants maintain that Temp. Rule 15.4(h), A.R.Crim.P. requires a different holding here because this case involves codefendants. We agree with the reasoning of the Court of Criminal Appeals, stated as follows:
 "After a close reading of Rule 15.4(h), we find nothing therein which prohibits the prosecution from having one more strike than the combined number of strikes of the codefendants. This rule simply requires that all co-defendants have an equal number of strikes. The appellants each had eleven strikes and, thus, Rule 15.4(h) was not violated in this instance."
Hubbard and Reach, supra, 562 So.2d at 583.
The fact that there were two defendants in this case does not require a different result; therefore, we conclude that the defendants received a fair trial and were not prejudiced. Therefore, the judgment of the Court of Criminal Appeals is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
JONES and ADAMS, JJ., dissent.