Anthony Avery Baker was charged in a two-count indictment with burglary in the second degree, in violation of §13A-7-6(b), Code of Alabama 1975, and attempted rape, in violation of § 13A-6-61 and § 13A-4-2, Code of Alabama 1975. In a separate indictment, the appellant was indicted for burglary in the second degree, in violation of § 13A-7-6(b), Code of Alabama 1975. The two cases were consolidated for trial. The jury found the appellant guilty as charged in each indictment. The appellant was sentenced to twenty years' imprisonment in the state penitentiary for each count of the first indictment, to run concurrently. Based on the second indictment, the appellant was sentenced to ten years' imprisonment in the state penitentiary to run consecutively with the prior sentence. The court ordered the appellant to pay victim's compensation, court costs, and attorney's fees.
At approximately 2:30 a.m. on July 29, 1988, K.C. was awakened when she noticed the appellant entering her upstairs apartment, through a balcony door, at 207 Lincoln Street, Huntsville, Alabama. K.C. asked the appellant to leave on several occasions. The appellant made sexually explicit comments to her. K.C. ran to the kitchen and retrieved a knife. When the appellant saw the knife he left the apartment. K.C. heard the appellant jump from the balcony. K.C. then reported the incident to the police.
On the same morning sometime between 12:45 a.m. and 3:15 a.m., S.A.U., a resident of a ground apartment at 207 Lincoln Street, Huntsville, Alabama, answered a knock at her door and the appellant was standing there. The appellant forced his way into S.A.U.'s apartment. He then pinned her against the sofa, pulled up her nightgown and started rubbing her thighs with his hands and his penis.
S.A.U. pushed the appellant off and ran out of the apartment. The appellant chased her, tackled her and then attempted to have sexual intercourse with her. When S.A.U. saw headlights, she pushed the appellant away, ran into the street and stopped the police car.
The appellant was subsequently arrested and questioned by police.
 I
The appellant contends that the trial court erred in failing to suppress his confession because he did not make a voluntary, knowing, and intelligent waiver of his rights.
The record reveals that initially William Black, Jr., of the Huntsville police interviewed the appellant at the central investigative division. Black read the appellant hisMiranda rights prior to the questioning. At this time, the appellant denied any involvement in the burglary. Black left the interview room to answer a telephone call.
Approximately five to ten minutes later, Investigator Sharp and Black entered the room to question the appellant. Sharp read the appellant his Miranda rights. The appellant stated that he understood his rights. Sharp asked the appellant, "with these rights in mind do you wish to talk with me." The appellant responded, "What do I want to talk to you for? I haven't done anything." Black explained that a lady claimed that he broke into her house and tried to rape her. At this point, the appellant agreed to talk.
 A
The appellant alleges that in his statement he invoked his right to remain silent; thus, he argues, all questioning was to cease at that point. The United States Supreme Court, inMiranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966), held that law enforcement officers must give certain specified warnings to a person in custody prior to questioning him and follow specified procedure during the interrogation. See Bush v. State, 523 So.2d 538 (Ala.Cr.App. 1988). Among the procedural safeguards established by the Miranda court is the "right to cut off questioning." Miranda, 384 U.S. at 474,86 S.Ct. at 1627-8, 16 L.Ed.2d at 723; see Bush, 523 So.2d at 553. After being informed *Page 853 
of the Miranda rights, an accused bears the burden of indicating in some manner his wish to remain silent.Lightbourne v. Dugger, 829 F.2d 1012 (11th Cir. 1987); UnitedStates v. Alegria, 721 F.2d 758 (11th Cir. 1983); Bush, supra.
In the present case, we find that this appellant never invoked his right to remain silent after he was advised of hisMiranda rights. The record reveals that initially, when Officer Black questioned the appellant concerning the crimes, the appellant said that he was not the party who committed the crimes, and that he was just walking down the street.
The appellant acknowledged, on at least two occasions, that he understood his rights. Later, when Black and Sharp questioned him, he stated: "What do I want to talk to you for. I haven't done anything." This shows that the appellant was denying any involvement in the crime, not invoking his right to remain silent. See Bush, supra.
The appellant never invoked his right to remain silent; therefore, we find that no Miranda violation exists.
 B
Next, the appellant asserts that his impaired mental and limited intellectual functioning prevented him from understanding his Miranda rights; thus, he says, he did not make a knowing, voluntary, and intelligent waiver of his rights.
In determining the voluntariness of a confession, the court must examine all of the attendant circumstances. Agee v. State,465 So.2d 1196 (Ala.Cr.App. 1984). "The true test of determining whether extrajudicial confessions are voluntary is whether the defendant's will was overborne at the time he confessed so that the confession was not the product of rational intellect and a free will." Thomas v. State,531 So.2d 45, 47 (Ala.Cr.App. 1988) (citations omitted). The appellant's statement must be free from any inducement, coercion, threat, or promise. See Seawright v. State, 479 So.2d 1362 (Ala.Cr.App. 1985); Griffin v. State, 500 So.2d 83 (Ala.Cr.App. 1986).
The fact that a defendant may suffer from a mental impairment or low intelligence will not, without other evidence, render a confession involuntary. See Colorado v. Connelly, 479 U.S. 157,107 S.Ct. 515, 520, 93 L.Ed.2d 473 (1986); Singleton v.Thigpen, 847 F.2d 668 (11th Cir. 1988); Whittle v. State,518 So.2d 793 (Ala.Cr.App. 1987); Holladay v. State, 549 So.2d 122
(Ala.Cr.App. 1988), aff'd, 549 So.2d 135 (Ala. 1989). The United States Supreme Court, in Connelly, 479 U.S. at 164,107 S.Ct. at 520, 93 L.Ed.2d at 482, stated: "Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law."
In the instant case, we find that, based on the totality of the circumstances, the appellant's confession was freely, voluntarily, and intelligently given. There was no evidence that the officers coerced this appellant by fraud, threat, or any other inducement to confess. Thus, the confession was properly admitted into evidence at trial.
 II
The appellant's final contention is that the trial court erred in admitting the in-court identification of the appellant.
Upon direct examination of K.C., the witness was asked to identify this appellant. After she identified the appellant, the appellant's counsel failed to object to the in-court identification. The appellant's counsel made a motion to suppress the in-court identification at the end of direct and cross-examination of the witness.
Because there was no objection made when the witness was asked to identify the appellant, this issue was not properly preserved for appellate review. See Thomas v. State,494 So.2d 840 (Ala.Cr.App. 1986), and authorities cited therein. Further, the appellant's motion to suppress the in-court identification functionally operates as a motion to exclude. This motion, *Page 854 
however, is not sufficient to preserve this issue for review. ". . . [A] motion to exclude evidence made at the conclusion of the direct and cross-examination of a witness comes too late where no objection to such was made when it was initially elicited." Brown v. State, 392 So.2d 1248, 1259 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1266 (Ala. 1981). Thus, this issue was not properly preserved for appellate review.
Moreover, having examined this record, we are of the opinion that this matter was properly admitted at trial.
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.