TYSON, Judge.
Prince Ella Braxton was indicted for unlawful distribution of a controlled substance in violation of § 13A-12-211, Code of Alabama 1975. The appellant pleaded guilty to this offense and the trial judge sentenced her to eight years’ imprisonment, with three years of the sentence suspended. The trial judge then stated that she was being sentenced under § 13A-12-250, Code of Alabama 1975, which requires a mandatory five-year sentence. The appellant objected to her sentence under this statute and appeals on this ground.
The appellant contends that § 13A-12-250 is unconstitutional. Section 13A-12-250 reads as follows:
*1044 “In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state.”
Specifically, the appellant “maintains that Section 13A-12-250 is violative of the equal protection clause of the Fourteenth Amendment, in that it discriminates against lower socioeconomic classes, most particularly blacks, who are, because of their status forced to live in confined urban areas. Due to such confinement and the concentration of population in a small area, schools must be necessarily situated in, around, and near these neighborhoods.” (Appellant’s brief, p. 1.) This court in Harrison v. State, 560 So.2d 1124 (Ala.Crim.App.1989), cert. denied (Ala.1990), found that the predecessor to § 13A-12-250, which was § 20-2-79 (which provided for a one-mile radius from a school), did not violate the principles of equal protection. Furthermore, the federal courts have addressed this identical issue in relation to the federal “schoolyard statute,” which provides for enhanced penalties for those convicted of drug distribution within 1000 feet of a school. In United States v. Agilar, 779 F.2d 123 (2d Cir.1985), cert. denied, 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986), the court stated:
“Agilar also challenges section 845a on equal protection grounds on the strained theory that the statute has a disproportionate impact on members of racial minorities, more of whom live, it is asserted, within 1,000 feet of schools than do non-minority residents, a smaller proportion of whom live in densely populated urban areas. The argument fails, among other reasons, for lack of any claim, much less showing, of a discriminatory purpose. See Washington v. Davis, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).”
Agilar, 779 F.2d at 126. Likewise, this appellant’s contention is without merit.
The appellant also argues that § 13A-12-250 is unconstitutional because, she argues, the three-mile radius is “arbitrary and overbroad.” This particular matter was not brought to the attention of the trial court and, thus, is not preserved for our review. Bell v. State, 466 So.2d 167 (Ala.Crim.App.1985).
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.