The appellant appeals from two convictions for the unlawful distribution of cocaine, in violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 10 years in prison and to an additional five years in prison under the enhancement provisions of § 13A-12-250, Code of Alabama 1975, on each charge. The sentences were ordered to run concurrently. The appellant raises six issues on appeal.
 I
The appellant first contends that the trial court erred in denying his Batson[1] motion. This argument has no merit. The record reveals that there were five black citizens on the jury venire. The State used three of its nine peremptory strikes to remove black citizens from the jury. The trial court did not rule as to whether the appellant had presented a prima facie case of racial discrimination, and the State went forward and presented its reasons for the strikes. Thus, this court will review the reasons set forth by the State and the trial court's ultimate ruling on the Batson motion. McLeod v. State,581 So.2d 1144 (Ala.Crim.App. 1990); Currin v. State,535 So.2d 221 (Ala.Crim.App.), cert. denied, 535 So.2d 225 (Ala. 1988).
The State struck juror no. six because the State had information from one of the officers involved in the case that he knew the juror and that the juror hung around the Dixie area, and the Centipede Club in particular. The offenses occurred right outside of the Centipede Club. Furthermore, the officer also provided information to the prosecutor that the juror knew the people involved in the case. The juror did not disclose any of this information on voir dire, even though the jury panel was asked questions during voir dire that should have elicited this information. The State's reasons for striking juror no. six were race neutral. See Davis v. State,555 So.2d 309 (Ala.Crim.App. 1989) (juror's failure to respond to question on voir dire to which he should have responded held to be a legitimate, race-neutral reason). Juror no. 12 stated during voir dire that he did not want to sit in judgment of another person. Juror no. 15 stated that he did not want to sit in judgment of another person. He also stated that he could not say whether he could listen to the evidence and render a fair and honest verdict based on the evidence. The State's reasons for striking the above two jurors were also race neutral. See, e.g., Smith v. State, 531 So.2d 1245
(Ala.Crim.App. 1987). Thus, the trial court did not err in denying the appellant's Batson motion.
 II
The appellant next contends that the trial court erred in admitting into evidence a photograph of the appellant that was taken two days after the offenses occurred. This argument has no merit. The record reveals that the photograph was not admitted into evidence. Thus, there is no adverse ruling from which the appellant may appeal. Maul v. State, 531 So.2d 35
(Ala.Crim.App. 1987); Strough v. State, 501 So.2d 488
(Ala.Crim.App. 1986). Furthermore, even if the photograph had been admitted, there would have been no error. The appellant's attorney stipulated that the shirt worn by the appellant in the photograph was the same shirt that he had worn on the night of the alleged offenses. Furthermore, the appellant also testified that he was indeed wearing the shirt in the photograph on the night of the alleged offenses.
 III
The appellant argues that the trial court erred in consolidating the two offenses for trial because the consolidation *Page 724 
occurred less than seven days prior to trial. See
Ala.R.Crim.P.Temp. 15.3(b). The record indicates that the appellant neither objected to the consolidation nor moved for a severance. In fact, the record reveals that during a hearing on the appellant's motion in limine immediately before the trial, the appellant's attorney stated that he had no objection to the two offenses being tried together, but that he wanted the trial court to rule that the State could not bring out evidence of a third offense committed by the appellant. Thus, the appellant failed to preserve this issue for review. Minter v. State,543 So.2d 202 (Ala.Crim.App. 1989).
The appellant's statements concerning consolidation made during his motion in limine implied that the consolidation would not hamper his trial strategy. See, e.g., Wright v.State, 516 So.2d 941 (Ala.Crim.App. 1987). Furthermore, not only did the appellant fail to object to the consolidation, he affirmatively discouraged the trial court from looking into the timeliness of the consolidation. A party cannot complain of errors on appeal that he invited or that were the natural consequences of his own actions. Leverett v. State,462 So.2d 972 (Ala.Crim.App. 1984).
Furthermore, even if the issue had been preserved, there is absolutely nothing in the record that supports the appellant's claim. There is nothing in the record that indicates when the cases were consolidated other than that they had been consolidated sometime prior to trial. This court cannot consider matters and allegations which appear outside of the record. Harris v. State, 563 So.2d 9 (Ala.Crim.App. 1989).
 IV
The appellant next contends that the State did not prove the proper chain of custody for Exhibits No. 2 and No. 3. The appellant failed to state specific grounds for either objection at the time the evidence was offered and, thus, failed to preserve this issue for review. Hubbard v. State, 562 So.2d 580
(Ala.Crim.App.), aff'd, 562 So.2d 583 (Ala. 1989); Harris v.State, 563 So.2d 9 (Ala.Crim.App. 1989). The appellant's objection to the chain of custody during his motion for judgment of acquittal at the close of the State's evidence did not preserve this issue for review because objections to evidence must be made when the evidence being objected to is offered. Hubbard; Jefferson v. State, 449 So.2d 1280
(Ala.Crim.App. 1984).
 V
The appellant next contends that the trial court erred in denying his motion for judgment of acquittal at the close of the State's case and at the close of the evidence. This argument has no merit. The record reveals that Officer Doug Wheeler of the Pike County Sheriff's Department was approached while he was parked in his automobile near the Centipede Club by Donnell Russo about a drug sale. After a brief conversation with Russo, Wheeler moved his car to the parking lot of the Centipede Club. The appellant was standing in the doorway of the club. Wheeler saw Russo approach the appellant and saw the appellant put something in Russo's hand. Immediately thereafter, Russo walked back to Wheeler. Russo had a piece of crack cocaine in his hand. Wheeler handed Russo $20 and Russo handed him the cocaine. He then watched Russo walk over to the appellant and give him the $20. The appellant put the money in his pocket. Approximately five minutes later, Russo again approached Wheeler about another drug transaction. The same transaction occurred: The appellant put something in Russo's hand. Russo walked back to Wheeler and gave him the cocaine. Wheeler gave Russo $20, and Russo then gave the money to the appellant.
In addition to the foregoing evidence, the State also presented evidence that, between these two transactions, a similar transaction occurred with another buyer. Furthermore, there was evidence presented that a few minutes after the second transaction with Wheeler, the appellant threw 15 pieces of a rock-like substance on the ground when he was approached by the police. They appeared to be similar to the crack cocaine sold to Wheeler. *Page 725 
Section 13A-12-211, Code of Alabama 1975, states that "[a] person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance." "The standard of review in determining sufficiency of evidence is whether evidence existed at the time the appellant's motion for acquittal was made, from which the jury could by fair inference find the accused guilty."Linzy v. State, 455 So.2d 260, 262 (Ala.Crim.App. 1984). In deciding whether there is sufficient evidence to support the verdict, this court must view the evidence in the light most favorable to the prosecution. Johnson v. State, 555 So.2d 818
(Ala.Crim.App. 1989); Jackson v. State, 516 So.2d 726
(Ala.Crim.App. 1985). Conflicting evidence presents a jury question. Knight v. State, 548 So.2d 647 (Ala.Crim.App. 1989); Jackson. The record reveals that at the very least, the State presented sufficient evidence of complicity in the sale of cocaine as to both charges. Thus, the trial court did not err in denying the appellant's motions for judgment of acquittal. See, e.g., Johnson.
 VI
The appellant next contends that he was improperly sentenced under the enhancement provisions of § 13A-12-250, Code of Alabama 1975, because, he says, there was insufficient evidence that the crimes took place within three miles of a school. He further argues that the statute is unconstitutional because, he argues, it violates the Equal Protection Clause.
Officer Tommy Merritt testified that there were two schools within three miles of the location of the alleged sales. This testimony was sufficient to support an enhanced sentence pursuant to § 13A-12-250. See, e.g., Lane v. State,564 So.2d 90 (Ala.Crim.App. 1990).
This court has previously addressed and rejected the equal protection challenge raised by the appellant. Braxton v. State,574 So.2d 1043 (Ala.Crim.App. 1990); Harrison v. State,560 So.2d 1124 (Ala.Crim.App. 1989).
For the reasons set forth above, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).