MONTIEL, Judge.
The appellant, Shirley Ann Brooks, was indicted for the offense of murder. A jury found the appellant “guilty as charged” in the indictment. She was sentenced to a term of 99 years’ imprisonment. This appeal follows.
On March 1, 1990, Charles Ray Griffin was murdered in his automobile on Eagle Lodge Road in Calhoun County, Alabama. The appellant arrived at the scene while the officers were investigating the murder. Mike Miller, with the Calhoun County Sheriff’s Office, testified that the appellant told him that she and the victim were loading a set of drums into the car to be taken to the pawn shop when some masked men came up and shot the victim in the head and shot her in the hand.
Max Kirby, Assistant Chief Deputy with the Calhoun County Sheriff’s Office, testified that he told the appellant that he did not believe her statement. The appellant then confessed that she shot the victim in the head. She also gave information as to where the gun was located. Dr. Joseph Embry, a pathologist, testified that the cause of death was a gunshot wound to the left side of the victim’s head.
I
The appellant contends that the trial court erred in allowing her confession into *1240 evidence. The record is clear that the appellant was given her Miranda rights and that she signed a waiver prior to making her statement. Officer Kirby testified that the appellant appeared to understand the Miranda rights, that she acknowledged that she understood them, and that she voluntarily waived them. He also testified that the appellant did not appear to be under the influence of alcohol or drugs and was not offered any hope of reward and that no threats were made in order to obtain her statement. (R. 258.)
Specifically, the appellant argues that her confession was involuntary because she functions in the borderline range of intelligence. A report from Dr. Wilkerson of the Calhoun Cleburne Mental Health Board shows that the appellant functions at a full scale of 75 on an I.Q. (intelligence quotient) test, which is borderline or below average intelligence. Dr. Wilkerson did find that the appellant was fully competent to stand trial and to assist her attorney in the case. The court did consider this information before deciding that the appellant had “waived her Miranda rights in full knowledge and understanding of the consequences of doing so.” (R. 301.) In Cardwell v. State, 544 So.2d 987 (Ala.Cr.App.1989), the defendant was classified as “low functioning and ... in the mild retardation range.” Also, there was testimony that the defendant in that case was slightly intoxicated at the time of the offense. This court held:
“[T]he presence of a diminished mental capacity, coupled with use of alcohol or drugs, will not warrant a finding that the confessions were not voluntary. Having a low I.Q. will not invalidate the statement unless the I.Q. is so very low that the person making the statement absolutely cannot understand his Miranda rights. Arnold v. State, 448 So.2d 489 (Ala.Crim.App.1984). The evidence in this case falls far short of proof of such a condition.”
Cardwell, 544 So.2d at 993.
The fact that a defendant may suffer from a mental impairment or low intelligence will not, without other evidence, render a confession involuntary. See Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 520, 93 L.Ed.2d 473 (1986); Baker v. State, 557 So.2d 851 (Ala.Cr.App.1990). In this case the appellant, with borderline intelligence, was found to be competent at trial and capable of assisting her attorney. Based on the record we find the trial judge did not err in finding that the confession was voluntary.
Also, the appellant argues that her confession was involuntary because Officer Kirby made the following statements to the appellant: “It’s the truth that I want”, “I don’t think you’re telling me the truth.” “It’s going to stand when the world’s on fire.” (R. 277.) It is well settled that a confession is not made inadmissible because the accused is told that it is better for him to tell the truth. Eakes v. State, 387 So.2d 855 (Ala.Cr.App.1978); Golden v. State, 439 So.2d 813 (Ala.Cr.App.1983).
It is clear from the record of this case, based on the totality of the circumstances, that the appellant’s confession was freely and voluntarily given. There was no evidence that the officers coerced this appellant by fraud, threat, or any other inducement to confess. Thus the confession was properly admitted into evidence at trial.
II
The appellant next contends that the State failed to prove a proper chain of custody concerning the body of the victim. However, the appellant failed to state specific objections at the time the evidence was offered and thus failed to preserve this issue for review. Hubbard v. State, 562 So.2d 580 (Ala.Cr.App.), aff’d, 562 So.2d 583 (Ala.1989). Harris v. State, 563 So.2d 9 (Ala.Crim.App.1989). The appellant’s objection to the chain of custody during her motion for judgment of acquittal at the close of the State’s evidence did not preserve this issue for review because objections to evidence must be made when the evidence being objected to is offered. *1241 Hubbard, Jefferson v. State, 449 So.2d 1280 (Ala.Crim.App.1984).
Ill
The appellant also contends that the State failed to establish a sufficient chain of custody of a shell casing found in the victim’s car. After a review of the evidence, we disagree. We conclude that the State established a sufficient chain of custody of the shell from its initial recovery in the victim’s car until it was admitted into evidence.
“The State need only prove to a reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain. Sommer v. State, 489 So.2d 643, 645 (Ala.Cr.App.1986).” McCrary v. State, 548 So.2d 573, 576 (Ala.Cr.App.1988). “The evidence need not negate the most remote possibility of substitution, alteration, or tampering of the evidence.” Slaughter v. State, 411 So.2d 819, 822 (Ala.Cr.App.1981). We conclude that the State established a proper chain of custody.
Roger Griffin, the victim’s brother, testified that the victim’s car was released to him on March 2, 1990. He testified that he drove the car to his mother’s house. Roger Griffin testified that on March 5, 1990, he discovered a shell bullet casing in the front seat of the victim’s automobile. He then notified Officer Kirby. Officer Kirby came and took possession of the shell casing. Roger Griffin testified that his sister had driven the car once before the shell casing was found.
Officer Kirby testified that on March 6, 1990, he gave the casing to Don Glass, assistant chief deputy in charge of patrol that day. Deputy Glass testified that he transported the evidence to the state forensics laboratory in Birmingham, Alabama. When Deputy Glass arrived at the laboratory, he placed the casing in David Higgins’s office in a locked drawer. Mr. Higgins is a a firearms and tool marks examiner for the Alabama Department of Forensic Sciences. He also testified that the casing was in the same condition at the time he transported it to the laboratory and placed it in Higgins’s office as it was when he received it from Officer Kirby. Mr. Higgins testified that he compared the shell casing with other shell cases fired from the .22 caliber pistol used in the murder to determine if they were fired from the same weapon. He further testified that the shell casing was in the same condition at the time he performed the tests as it was when he received it. After a review of the record, we find the State did establish a sufficient chain of custody of the shell casing found in the victim’s car.
IV
The appellant contends the trial court erred by overruling his motion for judgment of acquittal because the State failed to prove a prima facie case of murder. Specifically the appellant argues that there was no evidence presented as to when the victim died. Dr. Joseph Embry, a pathologist, testified that it was his opinion that the cause of death was a gunshot wound to the left side of the head. The appellant, by her own statement, admitted that she shot the victim while he was in his car. The appellant also admitted that she carried the pistol used to shoot the victim back to her house and that she placed it in a clothes dryer hole under the house. David Amberson, chief of police of the Ohatchee Police Department, recovered the .22 automatic blue steel pistol used by the appellant to murder the victim.
In the prosecution for the offense of murder, the State must prove the corpus delicti, which is: 1) the death of the victim named in the indictment, and 2) that the death was caused by the criminal object of another. Scanland v. State, 473 So.2d 1182 (Ala.Crim.App.1985), cert. denied, 474 U.S. 1035, 106 S.Ct. 602, 88 L.Ed.2d 581 (1985). From a review of the record it is clear the State met its burden of proof. It is not necessary to prove when the victim died. The evidence of the cause of death was more than sufficient to sustain a denial of the motion for judgment of acquittal.
*1242 For the foregoing reasons, the judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.