Charles Randall Harrison was convicted for the unlawful distribution of cocaine, in violation of Ala. Code 1975, §13A-12-211. He was fined $3,000 and was sentenced to seven years' imprisonment under the "schoolyard" enhancement provision of § 20-2-79. Harrison raises four issues on this appeal from that conviction.
 I
Harrison contends that the trial court should have granted his motion to compel the State to disclose the name of the informant.
In March 1988, Alabama Alcoholic Beverage Control Board enforcement agent Claude Cosey was assigned as an undercover narcotics investigator in Covington County. ABC agent Lynn Cosby showed Cosey "around to different locations and places where [Cosby] suspected drugs were being sold or [where Cosby] had information of people selling drugs." Around 11:30 on the evening of March 18, 1988, Cosey and an unidentified companion (described by Cosey in his police report of this incident as a "confidential informant") went to the Depot Lounge in Opp. Both agent Cosey and his companion "expressed [to the bartender, Harvey Gullion,] an interest" in buying cocaine. The bartender pointed out the defendant.
Cosey asked the defendant about buying cocaine and Cosey and the defendant went outside to the parking lot to discuss the matter. Cosey's companion accompanied them and was "in a position where he could have" overheard the conversation between the defendant and Cosey in the parking lot about purchasing cocaine. However, the companion did not participate in that conversation.
Cosey gave the defendant $100. Cosey testified that the defendant indicated that he would leave the area to get the cocaine. When Cosey expressed concern about the defendant's leaving with Cosey's $100, the defendant left his wallet with Cosey as security.
The defendant left, and Cosey returned to the bar, where he went into the restroom and searched the defendant's wallet for identification. He found a Florida chauffeur's license and memorized the name, address, and date of birth.
The defendant returned to the parking lot of the lounge, where he was met by Cosey. Cosey's companion remained inside the lounge. The defendant handed Cosey a package containing cocaine, and Cosey returned inside the lounge.
Cosey testified that "[t]his was not a planned buy. This was an incident that took place more or less on the spur of the moment. It was a perchance meeting." At one point in his argument, defense counsel stated, "Apparently he [Cosey's companion] is not an informant, but if he [was] present, he is a material witness." *Page 1126 
The companion may have been Cosey's confidential informant. However, nowhere in the record does it appear that his informant provided Cosey with any information concerning this case. From all that appears in the record, the companion-informant was merely a passive observer and witness to the transaction between Cosey and the defendant. Under Rule 18.1(e), A.R.Cr.P.Temp., with a few exceptions which are not applicable here, "the discovery or inspection of . . . witness lists . . . is not authorized."
After the State rested its case-in-chief, the trial judge determined that the "confidential informant" had done nothing other than observe and express to the an interest in purchasing cocaine to the bartender. The judge made it "plain" that underBrady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215
(1963), he would require the State to disclose the informant's identity if there was any disagreement between Cosey and the informant as to the defendant's identity. The prosecutor represented to the court that there was no such dispute.
"[I]f a confidential informer is a material witness,i.e., an active participant in the illegal transaction which leads to the charges brought against the accused, then the accused is entitled to learn from the State the identity of the confidential informant and his address." Self v. State,420 So.2d 798, 800 (Ala. 1982). Where the informant is merely a "passive observer," the disclosure of his identity has not been required. Lightfoot v. State, 531 So.2d 57, 59-60 (Ala.Cr.App. 1988).
Of particular significance in this case is the fact that the trial judge ascertained that the informant's testimony would not be helpful to the defendant. See Lightfoot,531 So.2d at 58. Based upon these considerations, we find no error in the refusal of the trial judge to order the disclosure of the identity of Cosey's companion-informant.
 II
The defendant complains that an unauthenticated copy of his Florida chauffeur's license was improperly admitted into evidence.
Over defense counsel's objection that there was no proper predicate and no proper certification, Agent Cosey identified State's exhibit no. 2 as "a copy of the driver's license that was in the [defendant's] wallet that night." That photocopy is certified as a true copy by the assistant director of the Division of Driver Licenses of the State of Florida Department of Highway Safety and Motor Vehicles. The assistant director is the custodian of the records, and his certification is verified. However, this attestation of the assistant director as "the keeper of said records" was not accompanied by "a certificate of the presiding justice of the court of the county . . . in which such office may be kept, or of the governor or secretary of state, the chancellor or keeper of the great seal of the state . . . that the said attestation is in due form and by the proper officers," as required by Ala. Code 1975, §12-21-71. For a similar provision, see Rule 44(a)(2), A.R.Civ.P.
Representative of the objections made by defense counsel to the identification and admission into evidence of the copy of the license is the following: "It's irrelevant, immaterial and no proper predicate. It has not been properly certified or authenticated. It is a foreign document. . . ." On two occasions, the trial judge requested that defense counsel identify the particular defect in the predicate. On each occasion, defense counsel failed to specify the objection now raised on appeal.
"THE COURT: What is missing from the predicate?
"[Defense counsel]: Knowledge"
On the second occasion, the following exchange occurred:
 "[Defense counsel]: . . . the accompanying letter of attestation, but it is insufficient on its face."
"THE COURT: How is it insufficient?
 "[Defense counsel]: It is a foreign document. It is not sworn to according to the Acts of Congress."
We recognize that 28 U.S.C. § 1739, an act of Congress, was adopted into the Alabama *Page 1127 
Code. Pittman v. Pittman, 246 Ala. 163, 164, 19 So.2d 723
(1944). It now appears at § 12-21-71, Ala. Code 1975. However, we find that the issue now raised on appeal has not been adequately preserved for review.
On two separate occasions, the trial judge asked defense counsel to specify the defect in the predicate for the admission of the chauffeur's license. On both occasions, defense counsel failed to identify the particular defect in the authentication of the document. Under these circumstances, we do not think the trial court should be held to have committed error. "[T]he trial court is not required to cast about for tenable grounds of objection." Watkins v. State, 219 Ala. 254,255, 122 So. 610 (1929). When the trial judge requests the specific ground of objection, defense counsel should identify the particular objectionable defect. We deem this merely an application of the general rule that the assignment of a specific ground of objection constitutes a waiver of all other grounds. Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). "The trial court must be apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issue involved." Bland v.State, 395 So.2d 164, 168 (Ala.Cr.App. 1981); followed in Exparte Weaver, 530 So.2d 258, 259 (Ala. 1988). "The objection must be specific enough to point out the alleged error so as to allow the judge to correct the error." Ex parte Washington,448 So.2d 404, 406 (Ala. 1984). "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). For these reasons, we find that the ground of objection now raised on appeal was not properly preserved for review. Moreover, we note that on cross-examination, the defendant admitted that the Florida chauffeur's license was his.
 III
The defendant was indicted for the unlawful distribution of cocaine in violation of Ala. Code 1975, § 13A-12-211. On March 27, 1989, after the defendant had been adjudged guilty and had requested a presentence investigation, the State announced that it "expect[ed] to proceed under . . . the sections within a mile of a school." On March 28, 1989, the State filed written notice of its intent to invoke Ala. Code 1975, § 20-2-79.[1]
Section 20-2-79, as in effect at the time of the instant offense, provided for an additional penalty for the unlawful sale of drugs on or near a school campus:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a one-mile radius of the campus boundaries of any public or private school, college, university or other education institution in this state."
At the sentencing hearing on April 21, 1989, the State proved that the Opp Middle School was located one-half mile from the Depot Lounge. The trial judge then stated that he had "little choice other than to sentence [the defendant] to five years in addition to the normal sentence," and he sentenced the defendant to seven years' imprisonment.
The defendant argues now, as he did before the circuit court, that the application of this section was unconstitutional because a violation of this section was not alleged in the indictment.
We find that an indictment for the unlawful sale of drugs need not contain any reference to the sentence enhancing provisions of Ala. Code 1975, § 20-2-79 (or its successor provision, § 13A-12-250), in order for the defendant's sentence to be *Page 1128 
enhanced under that statute. See Tyree v. Hendrix,480 So.2d 1176, 1178 (Ala. 1985); Luker v. State, 424 So.2d 662, 664
(Ala.Cr.App. 1982), both cases holding that, in order to invoke the recidivist provisions of the Alabama Controlled Substances Act, "the averment of the prior drug offense [in the indictment] is permissible but not necessary in order to sentence under the enhancement statute [§ 20-2-76(a)]." Tyree,480 So.2d 1178. See Yates v. State, 245 Ala. 490, 492,17 So.2d 777 (1944) (when the indictment does not contain an allegation as to a former conviction for violating the prohibition laws, "[i]t is then discretionary with the trial judge whether to impose additional punishment"); Johnson v. State,398 So.2d 393, 398 (Ala.Cr.App. 1981) (same); Douglas v. State,406 So.2d 1051, 1052 (Ala.Cr.App.), cert. denied, Ex parte Douglas,406 So.2d 1053 (Ala. 1981) ("The indictment need not allege that the prosecution is pursuant to the Habitual Offender Act."). See also Ex parte Guess, 507 So.2d 551, 552-53 (Ala. 1987) (Alabama's "firearm enhancement statute," § 13A-5-6, held constitutional).
 IV
The defendant further alleges that the "one-mile radius" of § 20-2-79 is arbitrary and in violation of established principles of equal protection. We disagree.
Because the statute does not proscribe activities that are legally protected and does not involve any legally cognizable "suspect" class, "the classification must be upheld if 'any state of facts rationally justifying it is demonstrated to or perceived by the court.' " United States v. Holland,810 F.2d 1215, 1219 (D.C. Cir.), cert. denied, 481 U.S. 1057,107 S.Ct. 2199, 95 L.Ed.2d 854 (1987). The legislature of Alabama "wanted to lessen the risk that drugs would be readily available to school children. It is surely rational to achieve that goal by increasing penalties for those who sell drugs near schools."United States v. Agilar, 779 F.2d 123, 125 (2d Cir. 1985), cert. denied, 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609
(1986). The enhanced punishment provision of Ala. Code 1975, §20-2-79, providing for an additional penalty of five years' imprisonment, with no probation, for the unlawful sale of an controlled substance "if the situs of such unlawful sale was on the campus or within a one-mile radius of the campus boundaries of any public or private school, college, university, or other educational institution in this state" is rationally related to the purposes of the statute. Such a "schoolyard" statute does not violate principles of equal protection. Holland,810 F.2d at 1219, and cases cited therein.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Effective September 30, 1988, § 20-2-79 was transferred to §13A-12-250 by Acts 1988, 1st Sp. Sess., Act No. 88-918, p. 512, § 2.