The appellant, Glen Lane, alias "Nugget," was convicted of two counts of the sale of marijuana within one mile of a school, in violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to two seven-year terms in the state penitentiary, to run concurrently, with five years to be served without provision for probation, pursuant to § 20-2-79, Code ofAlabama 1975.
The evidence tended to show that on February 29, 1988, Claude Cosey, a drug enforcement agent with the Alabama Alcoholic Beverage Control (ABC) Board, was working undercover in Opp, Alabama. At approximately 2:30 p.m., Agent Cosey observed the appellant walking down Hardin Street. The appellant was making a motion as if he were smoking a marijuana cigarette. Agent Cosey struck up a conversation with appellant. During the course of the conversation appellant informed Agent Cosey that he had marijuana cigarettes for sale. Agent Cosey indicated that he wished to purchase a marijuana cigarette. The appellant instructed Agent Cosey to meet him "up at the corner" of Hardin Street. Agent Cosey drove to "the corner." The appellant was waiting for him. He then gave the appellant $1.50 in exchange for a hand-rolled marijuana cigarette. At this time, the appellant identified himself as "Nugget."
Agent Cosey placed the cigarette in an envelope, sealed it, and wrote his initials on the label. Later that evening, Agent Cosey turned this envelope over to Dale Cosby, the resident ABC Board agent for Covington County. Agent Cosby put the envelope in a briefcase in the trunk of his car and took it to the forensic lab in Enterprise, Alabama. Joe Saloom, laboratory director of the Alabama Department of Forensic Sciences in Enterprise and a criminalist specializing in the area of drug chemistry, performed a chemical analysis on the hand-rolled cigarette and determined that the plant material in the cigarette was marijuana.
On March 3, 1988, at approximately 4:00 p.m., the appellant again sold Agent Cosey some marijuana, except this time Agent Cosey gave the appellant $7 in return for three hand-rolled cigarettes. They also negotiated the sale of some cocaine. Agent Cosey paid $30 for the cocaine; however, the appellant never showed up at the prearranged meeting place, so Agent Cosey never received the cocaine. The three hand-rolled cigarettes purchased on March 3 were also later determined to contain marijuana.
The appellant raises six issues on appeal.
 I
The appellant first contends that because his indictment did not charge him under § 20-2-79, Code of Alabama 1975, his due process rights were violated when he was sentenced under that statute. Section 20-2-79 provides:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a one-mile radius of the campus boundaries of any public or private *Page 92 
school, college, university or other educational institution in this state."
This issue was recently decided in Harrison v. State,560 So.2d 1124 (Ala.Cr.App. 1989). This court held that "an indictment for the unlawful sale of drugs need not contain any reference to the sentence enhancing provisions of Ala. Code 1975, § 20-2-79, in order for the defendant's sentence to be enhanced under that statute." Thus, there has been no violation of the appellant's due process rights.
 II
The appellant's second contention is that his right to youthful offender status was arbitrarily denied and, therefore, that his due process rights were violated.
Section 15-19-1, Code of Alabama 1975, provides as follows:
 "(a) A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may, be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section.
 "(b) After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed. (Acts 1971, 3rd Ex. Sess., No. 335, p. 4622, § 1.)"
In Goolsby v. State, 492 So.2d 635 (Ala.Cr.App. 1986), this court held:
 "When deciding whether to grant youthful offender status, it is expected that the nature of the crime charged, along with prior convictions of the defendant, will be considered, as well as any other matters deemed relevant by the court. Clemmons v. State, 294 Ala. 746, 321 So.2d 238
(1975). No prescribed format is required. Edwards v. State, 294 Ala. 358, 317 So.2d 512 (1975). Neither is the trial court required to articulate on the record the reasons for denying youthful offender status to a defendant. Garrett v. State, 440 So.2d 1151 (Ala.Cr.App. 1983). In deciding whether or not to accord youthful offender status to an accused person, the discretion of the trial judge is virtually absolute. Morgan v. State, 363 So.2d 1013 (Ala.Cr.App. 1978)."
Goolsby, supra, 492 So.2d at 636.
In the case at bar, the trial court ordered an investigation made after the appellant filed his application for youthful offender status. After reviewing the results of the investigation, the trial court issued an order stating "The Court, having considered the report of the Probation Officer, relative to this Defendant, is of the opinion that said petition should be denied." Based on current case law, this was sufficient and, therefore, the appellant has not been deprived of his due process rights.
 III
The appellant's third contention is that the trial court erred in admitting testimony of a crime not charged in the indictment. More specifically, the appellant claims that testimony by Agent Cosey regarding an attempted cocaine sale by the appellant was evidence of an uncharged crime and that the trial court erred when it overruled his objection to the testimony.
The relevant portion of the record reads as follows:
 "Q And what did you do after you purchased these three cigarettes from him on this occasion?
 "A I paid him the seven dollars and ask [sic] him about did he know where I could get any cocaine and he said he *Page 93 
could get rocks for me, but I told him I wanted powdered cocaine.
 "Q All right, sir. And then after this conversation about cocaine, what happened?
 "A He said that he could get a quarter ounce or a quarter gram of cocaine for. . . .
 "Q MR. COLQUETT: Now, we are going to object to what he could have gotten. It has nothing to do with this case.
"THE COURT: Was this all the same conversation?
"WITNESS: Yes, sir.
"THE COURT: At the same time?
"WITNESS: Yes, sir.
"THE COURT: Overruled.
"Q You may answer.
 "A Okay. I told him that I wanted to buy like a twenty-five cent piece, which would be a quarter gram of cocaine and he said he could get it for me and I gave him thirty dollars to get it. I didn't have the correct change for twenty-five, so I gave him thirty dollars. That's in addition to the seven I had already paid for the marijuana. And he left and told me to meet him up the street. He drove up Hardin Street and I followed along behind him and he went to the ball park at the end of Hardin Street, all the way down. And there, I saw him meet with Chuck Stoudemire and they talked for a few minutes and he told me when he saw me approaching them, he told me to make the block, so I made the block a couple of times and then I got pulled over by the police because I had ran through a stop sign. And Officer McLamore talked with me briefly and then he didn't write me a ticket. He just gave me an oral warning and let me go. And then I began looking again for the Defendant and Mr. Lane was nowhere to be found. So I talked later with Chuck Stoudemire and. . . .
 "MR. COLQUETT: Now, we object to who he talked to and all this beyond — we ask that it be excluded, everything except the conversation.
 "THE COURT: I sustain your objection to any conversation with Mr. Stoudemire. I deny your motion to exclude. I will tell the jury that you are to concern yourselves in your deliberations in this case only with the charge presented to you which involves the sale of marijuana."
It is a well-established rule of law that collateral criminal activity will be correctly received into evidence provided that the event in question is part of one continuous transaction. InColeman v. State, 487 So.2d 1380 (Ala.Cr.App. 1986), this court explicitly stated:
 "No matter how many distinct crimes may be involved, all the details of one continuous criminal occurrence or adventure may be given as part of the offense with which defendant is charged. Parsons v. State, 251 Ala. 467, 38 So.2d 209 (1948); Jackson v. State, 229 Ala. 48, 155 So. 581 (1934); Lowe v. State, 134 Ala. 154, 32 So. 273
(1901); Miller v. State, supra [405 So.2d 41
(Ala.Crim.App. 1981)]; Minnifield v. State, 397 So.2d 189 (Ala.Crim.App.), cert. denied, 397 So.2d 195 (Ala. 1981); Thompson v. State, supra [374 So.2d 377 (Ala.Crim.App. 1978)]; Howard v. State, 371 So.2d 475 (Ala.Crim.App. 1979); Moseley v. State, 357 So.2d 390 (Ala.Crim.App. 1978); Summers v. State, supra [348 So.2d 1126
(Ala.Crim.App. 1977)]; 1 Wharton's Criminal Evidence, § 252 (C. Torcia 13th ed. 1972); McElroy's, supra."
Coleman, supra, 487 So.2d 1385. This principle was reiterated in Blanco v. State, 515 So.2d 115 (Ala.Cr.App. 1987), when this court held:
 "It is the general rule that evidence of offenses other than that specifically charged is inadmissible. Nicks v. State, 521 So.2d 1018] (Ala.Cr.App. 1987), Allen v. State, 380 So.2d 313
(Ala.Cr.App. 1979), cert. denied, Ex parte Allen, 380 So.2d 341 (Ala. 1980), cert. denied, Allen v. Alabama, 449 U.S. 842, 101 S.Ct. 121, 66 L.Ed.2d 49
(1980). However, one of the exceptions to this rule applies 'when the offense charged and the offense proposed to be proved are so connected that they form part of one transaction.' Allen v. State, 380 So.2d at 328, quoting *Page 94 Dennison v. State, 17 Ala. App. 674, 88 So. 211
(1921)."
Blanco, supra, 515 So.2d at 119.
In the case at bar, we find that the evidence at issue was intimately connected with the transaction that forms the basis of the State's case. The sale of marijuana and the attempted sale of cocaine both transpired through one conversation. Moreover, the decision whether to allow or not to allow evidence of collateral crimes or acts as part of the State's case-in-chief rests within the sound discretion of the trial judge. Nicks v. State, 521 So.2d 1018 (Ala.Cr.App. 1987),aff'd, 521 So.2d 1035, cert. denied, 487 U.S. 1241,108 S.Ct. 2916, 101 L.Ed.2d 948 (1988); Blanco, supra; McGhee v. State,333 So.2d 865 (Ala.Cr.App. 1976). Therefore, the trial court was not in error in receiving into evidence testimony concerning the uncharged crime.
 IV
The appellant's fourth contention is that the trial court erred in applying a penalty provision not classified under Title 13A, Code of Alabama 1975, to an offense defined in Title 13A. However, effective September 30, 1988, § 20-2-79, Code ofAlabama 1975, was transferred to § 13A-12-250. The appellant was tried and found guilty on May 22, 1989, and was sentenced on June 9, 1989. Thus, no error occurred.
 V
The appellant's fifth contention is that the State failed to prove that the sale of marijuana on Hardin Street is within a one-mile radius of a school. Chief Deputy Bill Shall testified to the following:
 "Q Do you know where Hardin Street is in Opp, Alabama?
"A Yes, ma'am.
 "Q All right, sir. And have you had an occasion on other incidences to measure the distance from Hardin Street to the nearest educational facility there in the City of Opp?
"A Several of them.
 "Q All right, sir. And what is the distance to the nearest educational facility to Hardin Street?
 "A It's the Hardin Street School. Right — you can stand on Cobb's corner and throw a rock on the school grounds.
 "Q Do you have an opinion as to whether or not it is within a mile of the school?
"A Oh, very much so.
"Q About how many blocks away is it?
"A It's the adjoining block.
"Q The adjoining block?
"A Uh hum."
The burden is on the State to present sufficient evidence that the accused is guilty of the charged crime. Moore v.State, 474 So.2d 190 (Ala.Cr.App. 1985). We are of the opinion that the State met its burden.
 VI
Finally, the appellant contends that § 20-2-79, Code ofAlabama 1975, is unconstitutional. More specifically, he alleges that § 20-2-79 is overbroad and fails to accord equal rights and equal protection of the law. However, the appellant failed to raise this constitutional issue at the trial court level.
This court has long held that the raising of a constitutional issue at trial is a prerequisite to this court's consideration of the issue. Calhoun v. State, 530 So.2d 259 (Ala.Cr.App. 1988); Johnson v. State, 480 So.2d 14 (Ala.Cr.App. 1985). Thus, the appellant has waived his right to appellate review of this issue. Moreover, it should be noted that this court recently addressed the constitutionality of § 20-2-79 and found that section to be constitutionally sound. Harrison v. State,560 So.2d 1124 (Ala.Cr.App. 1989).
Appellant received a fair trial. Accordingly, his conviction is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur. *Page 95