Johnnie L. Jackson was separately indicted for possession of cocaine in violation of § 13A-12-212, Code of Alabama (1975), and the sale of cocaine within one mile of a school in violation of § 13A-12-211, Code of Alabama 1975. The cases were consolidated for trial, and Jackson was convicted of both charges. He was sentenced to two years' imprisonment in the possession case and eight years' imprisonment in the sales case, with five years of the eight-year term to be served without provision for probation pursuant to § 20-2-79, Code ofAlabama 1975.
The sole issue raised on appeal is the constitutionality of the "schoolyard" enhancement provision of § 20-2-79, Code ofAlabama 1975. Section 20-2-79, as in effect at the time of the instance offenses,[1] provided:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a one-mile radius[2] of the campus boundaries of any public or private school, college, university or other education institution in this state."
Initially Jackson contends that § 20-2-79 is so overbroad and vague as to render it unconstitutional. In McCall v. State,565 So.2d 1163 (Ala.Cr.App. 1990), this court held that § 20-2-79
offended neither the doctrine of overbreadth nor the doctrine of vagueness. In upholding the constitutionality of § 20-2-79, this court noted in McCall that the overbreadth doctrine, which derives from the First Amendment, does not apply to § 20-2-79
because there are no First Amendment rights at stake. SeeMcCrary v. State, 429 So.2d 1121 (Ala.Cr.App. 1982), cert.denied, 464 U.S. 913, 104 S.Ct. 273, 78 L.Ed.2d 254 (1983).
Jackson further contends that § 20-2-79 violates established principles of equal protection because 1) the enhanced punishment provision is not rationally related to the statute's purpose and 2) it is unclear whether § 20-2-79 will be uniformly invoked against all persons convicted of selling controlled substances within one mile of a school. We disagree. In Harrison v. State, 560 So.2d 1124 (Ala.Cr.App. 1989), this court held that § 20-2-79 does not violate principles of equal protection:
 "The enhanced punishment provision of Ala. Code 1975, § 20-2-79, providing for an additional penalty of five years' imprisonment, with no probation, for the unlawful sale of a controlled substance 'if the situs of such unlawful sale was on the campus or within a one-mile radius of the campus boundaries of any public or private school, college, university, or other educational institution in this state' is rationally related to the purposes of the statute. Such a 'schoolyard' statute does not violate principles of equal protection."
560 So.2d at 1128.
Jackson's final contention that § 20-2-79 is unconstitutional because it is a strict liability statute is not supported by argument based upon legal authority and is deemed waived on appeal. Andrews v. State, 473 So.2d 1211, 1217 (Ala.Cr.App. 1985); See also Qualls v. State, 555 So.2d 1158 (Ala.Cr.App. 1989).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.
[1] Effective September 30, 1988, § 20-2-79 was transferred to §13A-12-250 by Acts 1988, 1st Sp.Sess., Act No. 88-918, p. 512, § 2.
[2] Effective May 19, 1989, § 13A-12-250 was amended to substitute "three-mile radius" for "one-mile radius." The 1989 amendment does not apply to the case at bar. *Page 876