ON RETURN TO REMAND
This cause was remanded with instructions that the trial court determine the applicability of the enhancement provision of the one-mile "school yard" statute previously found in Ala. Code 1975, § 20-2-79, and transferred to § 13A-12-250.Hardy v. State, 570 So.2d 871 (Ala.Cr.App. 1990). On remand, after an evidentiary hearing, the trial court determined that the offense did occur within one mile of a school. The trial court then, as it had originally, sentenced Hardy to five years' imprisonment under § 20-2-79 and to an additional two years to be served on probation.
Since it is clear that Hardy was properly sentenced under § 20-2-79, with its one-mile radius, and not under § 13A-12-250
as amended, with a three-mile radius, Hardy's first argument on appeal that his sentence was improper is without merit.
We now address Hardy's remaining two arguments.
 I
Hardy argues that § 13A-12-250 is unconstitutional, asserting that it violates both the Equal Protection Clause of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment.
 A
Hardy first alleges that § 13A-12-250 violates the Equal Protection Clause in that the three-mile radius is arbitrary and capricious. As we determined above, the three-mile radius amendment to § 13A-12-250 does not apply to Hardy. Thus, we have no need to address that particular claim at this time. SeeSpinks v. State, 564 So.2d 1043, 1047 (Ala.Cr.App. 1990). *Page 686 
Moreover, we have previously held that the one-mile radius originally contained in § 20-2-79 and § 13A-12-250, and applicable to Hardy, is not arbitrary and capricious. Harrisonv. State, 560 So.2d 1124, 1128 (Ala.Cr.App. 1989).
 "Because the statute does not proscribe activities that are legally protected and does not involve any legally cognizable 'suspect' class, 'the classification must be upheld if "any state of facts rationally justifying it is demonstrated to or perceived by the court." ' United States v. Holland, 810 F.2d 1215, 1219 (D.C. Cir.), cert. denied, 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987). The legislature of Alabama 'wanted to lessen the risk that drugs would be readily available to school children. It is surely rational to achieve that goal by increasing penalties for those who sell drugs near schools.' United States v. Agilar, 779 F.2d 123, 125 (2d Cir. 1985), cert. denied, 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986). The enhanced punishment provision of [§ 13A-12-250], providing for an additional penalty of five years' imprisonment, with no probation, for the unlawful sale of a controlled substance 'if the situs of such unlawful sale was on the campus or within a one-mile radius of the campus boundaries of any public or private school, college, university, or other educational institution in this state' is rationally related to the purposes of the statute. Such a 'schoolyard' statute does not violate principles of equal protection. Holland, 810 F.2d at 1219, and cases cited therein."
Harrison, 560 So.2d at 1128.
As part of his equal protection argument, Hardy maintains that the statute does not treat similarly situated persons in a like manner because a defendant who sells a controlled substance beyond the protected schoolyard area, even one who sells to minors,[1] is not subjected to an enhanced punishment while a defendant who sells a controlled substance within the protected schoolyard area is subjected to enhanced punishment. This argument is obviously flawed.
 "The general rule is that '[e]qual protection of the laws is not denied by a statute prescribing the punishment to be inflicted on a person convicted of crime, unless it prescribes different punishments for the same acts committed under the same circumstances by persons in like situations.' 16A C.J.S. Constitutional Law, Section 564. '[T]he legislature may, without violating the equal protection clause, establish different punishments . . . or it may provide a special punishment for a special class of offenders.' Section 564."
State v. Spurlock, 393 So.2d 1052, 1057 (Ala.Cr.App. 1981). It is clearly permissible "for a state to impose a more severe penalty for a particular type of crime than the penalty which is imposed with respect to the general category of crimes to which the special crime is related or of which it is a subcategory." State v. Clark, 632 P.2d 841, 843 (Utah 1981).
There is no equal protection violation in the fact that the legislature has chosen to punish the subclass of persons who sell drugs within the protected schoolyard area more severely than the general class of drug traffickers.
 "All defendants state-wide who distribute a controlled substance [within the specified distance] of a public school are governed by this statute and susceptible to its enhanced penalties. Defendant cannot argue that he is treated any differently than any other similarly situated individual who deals drugs within the proscribed location."
State v. Moore, 782 P.2d 497, 503 (Utah 1989) (addressing a similar equal protection argument advanced against Utah's schoolyard enhancement statute). Cf. State v. Brown, 227 N.J. Super. 429,436, 547 A.2d 743, 747 (1988) (finding no merit to defendant's claim that the New Jersey statute creating a separate offense with harsher penalties for schoolyard drug sales violated *Page 687 
the Equal Protection Clause "by arbitrarily creating disparate treatment for the same offense based simply on the place of the offense, i.e., one punishment for those who possess drugs with intent to distribute beyond [the proscribed distance] of school property and a different punishment for those who commit such offense within [the proscribed distance] of school property").
 B
Hardy's argument that § 13A-12-250 violates the Double Jeopardy Clause of the Fifth Amendment must also fail.
The Double Jeopardy Clause of the Fifth Amendment protects against multiple trials for the same offense and "against multiple punishments for the same offense." North Carolina v.Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656
(1969).
 "In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy — protection against cumulative punishments — is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, United States v. Wiltberger, 5 Wheat. 76, 93, 5 L.Ed. 37
(1820), the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent, see Missouri v. Hunter, 459 U.S. 359, 366-368, 103 S.Ct. 673, 678-679, 74 L.Ed.2d 535 (1983)."
Ohio v. Johnson, 467 U.S. 493, 499, 104 S.Ct. 2536, 2540-41,81 L.Ed.2d 425 (1984) (footnote omitted). In reviewing a sentence which is alleged to be impermissibly multiple, a court must "determin[e] what punishments the Legislative Branch has authorized." Whalen v. United States, 445 U.S. 684, 688,100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980).
This case does not involve multiple trials for the same offense. Nor does it concern the situation where a defendant was charged with more than one offense arising out of the same transaction, convicted of those offenses, and given separate sentences for each offense, triggering an analysis underBlockburger v. United States, 284 U.S. 299, 52 S.Ct. 180,76 L.Ed. 306 (1932). Hardy was convicted on a plea of guilty of one offense, the sale of a controlled substance. For this offense, he was sentenced to seven years' imprisonment. Of this sentence, two years' imprisonment, for which probation was granted, was imposed pursuant to §§ 13A-12-211(b) and13A-5-6(a)(2), and an additional five years' imprisonment without probation was imposed under § 13A-12-250.
Section 13A-12-250 does not proscribe the sale of controlled substances within a specified distance of a schoolyard.Compare Fla.Stat.Ann. § 893.13(1)(e) (West Supp. 1990) (defining offense of drug sales within specified distance of a schoolyard); N.J.Stat.Ann. § 2C:35-7 (West Supp. 1990) (same); Va. Code § 18.2-255.2 (Supp. 1990) (same). Instead, the statute is clearly intended to, and does, operate as a sentencing enhancement provision. See 21 U.S.C. § 845a (1988) (providing for enhanced sentence for those convicted of drug sales within a specified distance of a schoolyard); Utah Code Ann. § 58-37-8(5) (Supp. 1990) (same). By its very terms, § 13A-12-250
has no application until a conviction is obtained. This Court has consistently referred to the predecessor statute, §20-2-79, as a sentencing enhancement provision. See Spinks v.State, 564 So.2d at 1047-48; Hurley v. State, 568 So.2d 359,362 (Ala.Cr.App. 1990); Harrison v. State, 560 So.2d at 1127-28.
Various sentencing enhancement statutes, most notably habitual offender or recidivist statutes, "have been sustained in [the United States Supreme] Court on several occasions against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." Spencer v. Texas, 385 U.S. 554,560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606 (1967). See also UnitedStates ex rel. Robinson v. Chrans, 660 F. Supp. 241, 245 *Page 688 
(C.D.Ill. 1987); Hubbard v. State, 500 So.2d 1204, 1215
(Ala.Cr.App.), affirmed, 500 So.2d 1231 (Ala. 1986). In upholding the validity of a West Virginia habitual offender statute, the Supreme Court stated:
 "The sentence as a . . . habitual criminal is not to be viewed as either a new jeopardy or additional penalty for earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."
Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258,92 L.Ed. 1683 (1948) (emphasis added). Accord United States v.Thomas, 895 F.2d 1198, 1201 (8th Cir. 1990) (reviewing sentence imposed under recidivist portions of Federal Sentencing Guidelines); Johnson v. State, 398 So.2d 393, 399
(Ala.Cr.App. 1981) (Alabama habitual offender statute does not violate double jeopardy principles).
Section 13A-12-250 is similar in nature both to the Alabama Habitual Offender statute, § 13A-5-9, and to §§ 13A-5-6(a)(4) and (5), which impose enhanced sentences on those convicted of felonies committed with a firearm or deadly weapon. Under these statutes, the fact that one is a habitual offender or that one committed a crime using a firearm or deadly weapon is an aggravating factor which justifies the imposition of a heavier sentence and the imposition of that heavier sentence is clearly permissible under Gryger v. Burke. See also United States v.Thomas, 895 F.2d at 1201 (reviewing sentence imposed under recidivist portions of Federal Sentencing Guidelines); UnitedStates v. Vigil, 818 F.2d 738, 742 (10th Cir. 1987) (same). Similarly, under § 13A-12-250, the fact that a drug sale is conducted within the specified distance of a schoolyard is an aggravating factor justifying the enhanced sentence contained in that section.
Contrary to his assertions, Hardy was not punished twice for the same offense. Section 13A-12-250 works in concert with §§ 13A-12-211 and 13A-5-6 and effectively imposes only a single punishment for a single offense. Clearly, the interaction of these sections "do[es] not constitute a new jeopardy." UnitedStates v. Garrett, 712 F. Supp. 1327, 1333 (N.D.Ill. 1989) (upholding enhanced sentence under Federal Sentencing Guidelines where two separate recidivist statutes were applied in concert), affirmed, 903 F.2d 1105 (7th Cir.), cert. denied, ___ U.S. ___, 111 S.Ct. 272, 112 L.Ed.2d 227 (1990).
 II
Hardy contends that the State must allege a violation of § 13A-12-250 in the indictment before it can seek an enhanced sentence thereunder. We have previously held that "an indictment for the unlawful sale of drugs need not contain any reference to the sentence enhancing provisions of Ala. Code 1975 § 20-2-79 (or its successor provision, § 13A-12-250), in order for the defendant's sentence to be enhanced under that statute." Harrison v. State, 560 So.2d at 1127-28. AccordHurley v. State, 568 So.2d at 362; Wright v. State,560 So.2d 1128, 1130 (Ala.Cr.App. 1989).
The judgment of the circuit court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.
[1] We note that "selling, furnishing, or giving" controlled substances to a person under the age of eighteen is a Class A felony under § 13A-12-215, whereas the same activity involving an adult recipient is a Class B felony under § 13A-12-211.