Bernard Smith, the appellant, was convicted of the unlawful distribution of cocaine and was given a suspended sentence of two years' imprisonment. In addition, he was sentenced to five years' imprisonment pursuant to Ala. Code 1975, § 13A-12-250. On this appeal he raises three issues, all of which concern the application of § 13A-12-250.
 I.
This Court has held that a defendant may be sentenced under the schoolyard sentence enhancement provisions of § 13A-12-250, even though that section is not alleged in the indictment. Lanev. State, 564 So.2d 90, 91-92 (Ala.Cr.App. 1990); Wright v.State, 560 So.2d 1128, 1129-1130 (Ala.Cr.App. 1989); Harrison v.State, 560 So.2d 1124, 1127-28 (Ala.Cr.App. 1989).
 II.
The appellant argues that § 13A-12-250 is unconstitutionally vague because the term "sale" is not adequately defined. That statute provides:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state." (Emphasis added.)
We need not define the parameters of the conduct embraced within the term "sale" as used in the schoolyard sentence enhancement statute because, in this case, the evidence shows that the appellant accepted $40 from an undercover law enforcement officer in exchange for .130 grams of crack cocaine. A "sale" is commonly understood as a transfer of property for money. The Random House Dictionary of the EnglishLanguage at 1693 (2d ed. 1987). "Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning." Alabama Farm Bureau Mutual Casualty Ins.Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala. 1984). See also Buckelew v. State, 48 Ala. App. 411, 415, 265 So.2d 195,197, cert. denied, 288 Ala. 735, 265 So.2d 202, cert. denied,409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972).
 III.
At the sentencing hearing, district attorney's investigator Carl Wideman testified that he obtained a recently published map and determined that Warrior High School was located approximately one mile from the site of the sale, and that Warrior Middle School is located less than a mile from the site of the sale. The appellant objected to the admission of this testimony on the grounds of hearsay.
Rule 26.6(b)(2), A.R.Crim.P., provides, in pertinent part, that a t a sentence hearing, "[a]ny evidence that the court deems to hae probative value may be received, regardless *Page 800 
of its admissibility under the rules of evidence." At that hearing, the appellant never asserted that either school was not within a three-mile radius of the site of the sale. Therefore, we find no error in this regard.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.