The appellant, Lou Jean Hansen, was convicted of the sale of a controlled substance, marijuana, in violation of §13A-12-211, Code of Alabama 1975. She was sentenced to seven years in the penitentiary, with two years suspended. Five years of her sentence were the result of mandatory enhancement pursuant to § 13A-12-250, Code of Alabama 1975.
The evidence tended to show that on June 10, 1989, drug enforcement officers purchased a quantity of marijuana (later determined to be 29.18 grams) from the appellant. The marijuana that was purchased was part of a greater quantity of marijuana in the appellant's possession (962 grams). After the appellant's arrest and the seizure of all of the marijuana in her possession, the appellant was indicted for the sale or distribution of 990.43 grams of marijuana. This amount took into consideration the marijuana that was actually bought by drug enforcement agents and that which was seized from the appellant. Subsequently, the appellant was reindicted for possession of 962 grams of marijuana (pursuant to § 13A-12-212) and for the sale or distribution of 29.18 grams of marijuana (pursuant to § 13A-12-211). She pleaded guilty to the possession charge and went to trial on the sale charge and was convicted. She presents the following issues on appeal.
 I
The appellant first contends that she was convicted of selling the same marijuana that she had already pleaded guilty to possessing. She maintains that her conviction for the sale of marijuana was, therefore, in violation of the constitutional prohibition against double jeopardy.
At the beginning of the appellant's trial, the court erroneously read the *Page 2 
original indictment (sale or distribution of 990.43 grams of marijuana).[1] The appellant did not object to the indictment as read by the trial court; instead she raised this issue only in her motion for new trial. An issue that was not timely raised at trial will not be considered on appeal. Newsome v. State,570 So.2d 703 (Ala.Cr.App. 1989). Even constitutional issues must first be correctly raised in the trial court before they will be considered on appeal. Cagle v. State, 504 So.2d 1225
(Ala.Cr.App. 1987). Therefore, this issue was not preserved for our review.
 II
The appellant also challenges the constitutionality of enhancing her sentence pursuant to § 13A-12-250, Code of Alabama 1975. She asserts that § 13A-12-250 is unconstitutionally vague because it does not require that the offender know that she is within three miles of a school. She further asserts that she received no notice of the state's intention to invoke this statute. Therefore, she claims that §13A-12-250 could not have been legally used to enhance her sentence.
The constitutionality of § 13A-12-250 has previously been addressed in Jackson v. State, 570 So.2d 874 (Ala.Cr.App. 1990).[2] In Jackson, this court confirmed that the enhancement statute was not unconstitutionally vague or overbroad. In regard to the appellant's actual knowledge of whether she was within three miles of a school, evidence was presented at trial which tended to show that the location of the transaction (the appellant's home) was within blocks of two different schools.
Concerning the appellant's claim that she received no notice that § 13A-12-250 would be invoked, we note that the statute contains no requirement that notice be given. Nor is there a requirement that the fact that the sale took place within three miles of a school be alleged in the indictment. Harrison v.State, 560 So.2d 1124 (Ala.Cr.App. 1989). Moreover, the appellant's contention that she received no notice is unsupported by the record. It appears that the appellant was indeed apprised early in the proceedings that the state would seek enhancement pursuant to § 13A-12-250 if she were convicted of the sale or distribution of marijuana.
For the reasons stated above, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] Note that the indictment that was read by the trial court had been superseded by a second indictment charging the sale or distribution of 29.18 grams of marijuana. The appellant received notice of the new indictment prior to trial and was convicted under the second indictment. Note also that the total weight originally charged (990.43) is less than the total weight of the appellant's two convictions (962 grams and 29.18 grams); however, this fact was not raised on appeal and is therefore irrelevant to our review.
[2] At the time Jackson was indicted the statute provided for a one-mile radius. Effective May 19, 1989, § 13A-12-250 was amended to provide for a three-mile radius instead of a one-mile radius.