[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 489 
Niiki Burks appeals his conviction for unlawful distribution of controlled substances, in violation of § 13A-12-211, Code of Alabama 1975. The appellant was sentenced to 12 years' imprisonment, pursuant to §§ 13A-12-250 and 13A-12-270, Code of Alabama 1975, for selling a controlled substance within 3 miles of a school campus and within 3 miles of a public housing project, respectively. The appellant raises several issues on appeal.
 I
The appellant contends that the evidence was insufficient to support the jury's verdict because, he argues, the State failed to establish a prima facie case of unlawful distribution of a controlled substance under § 13A-12-211, Code of Alabama 1975, and that, therefore, the trial court erred in denying his motion for a judgment of acquittal. We disagree.
"In determining the sufficiency of the evidence to sustain the conviction, this court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence most favorable to the prosecution." Faircloth v. State, 471 So.2d 485, 489
(Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). The State presented ample evidence from which a jury could reasonably infer that the appellant sold marijuana to Marvin Dean, the informer for the Andalusia, Alabama, Police Department. Dean testified that on December 25, 1990, he drove to the appellant's house in Andalusia and made arrangements to purchase marijuana from the appellant. Dean then drove to the Andalusia Police Department where he was fitted with a body transmitter and given $40 in marked bills.
Dean later returned to the appellant's house and gave the appellant the marked money in exchange for the marijuana. After agreeing to deliver the marijuana to *Page 490 
Dean at the Big Little Store in Andalusia, the appellant left to get the marijuana. Soon after, the appellant and an accomplice arrived at the Big Little Store, parked beside Dean's automobile, and dropped a plastic bag containing marijuana into Dean's automobile.
The appellant contends that the State failed to establish a prima facie case of the unlawful distribution of a controlled substance because the State's forensic expert never testified that the alleged marijuana was a listed controlled substance, nor did the State introduce a certified copy of any list of controlled substances.
The fact that the State failed to produce such testimony showing marijuana to be a controlled substance is irrelevant. In Hutchins v. State, 560 So.2d 1113 (Ala.Cr.App. 1989), the defendant, appealing his conviction for the unlawful possession of cocaine, argued that the State had failed to prove a prima facie case of possession of cocaine as a controlled substance. This court held as follows: "The State proved the appellant was in possession of cocaine on the night he was arrested. There was no need for the State to prove that cocaine is a controlled substance. This court has held repeatedly that a trial court can take judicial notice of whether a substance is designated as a controlled substance and can so instruct the jury. Bentleyv. State, 450 So.2d 197 (Ala.Cr.App. 1984); Congo v. State,409 So.2d 475 (Ala.Cr.App. 1981), cert. denied, 412 So.2d 276
(Ala. 1982); Gilbert v. State, 401 So.2d 342 (Ala.Cr.App. 1981)."
In light of Hutchins, and Dean's testimony at trial, the State clearly produced sufficient evidence to establish a prima facie case against the appellant. Hence, the trial court correctly denied the appellant's motion for a judgment of acquittal.
 II
The appellant next contends that he was denied the right to a fair trial by the unusual set of circumstances that was brought out in the hearing on the appellant's motion for new trial concerning the sale of marijuana to Dean. Through testimony, it was shown that Dean and his brother had, sometime before the appellant's arrest, procured a quantity of marijuana independent of Dean's informant activities for the police and without the police's knowledge. From this marijuana, Dean's brother sold the appellant and the appellant's accomplice the marijuana that was ultimately delivered by the appellant to Dean. It was also shown that the police searched the house occupied by Dean and his brother after the appellant had identified Dean's house as the source of the marijuana. When a search of Dean's house did not produce the marked bills or any marijuana, Dean's brother was persuaded to deliver these to the police by a promise that he would not be prosecuted. Neither Dean nor his brother were prosecuted.
First, the appellant contends that the unusual circumstances surrounding the sale of marijuana to Dean in and of themselves constitute a denial of the appellant's Fourteenth Amendment right to due process. We disagree.
The appellant not only fails to offer any authority to support his position, but also fails to specify the precise due process denied him. No evidence was offered at trial to suggest that Dean knew where the appellant intended to get the marijuana he ultimately sold to Dean, and no evidence was offered to suggest that Dean's brother knew what the appellant intended to do with the marijuana the appellant purchased from him.
Secondly, the appellant contends that he was denied a fair trial because Dean's brother was charged only with possession of marijuana and because Dean himself was never charged. Clearly, this argument lacks merit. The law is well settled that a criminal defendant has no right to be treated the same as his criminal associates: "The Supreme Court has stated that discretionary decision of State prosecutors to grant immunity to some participants of a crime and not others is not arbitrary or cruel and unusual under the *Page 491 
constitution." Gregg v. State, 428 U.S. 153, 199,96 S.Ct. 2909, 2937, 49 L.Ed.2d 859 (1976). Clearly, the appellant received a fair trial, despite the fact that neither Dean nor his brother were prosecuted.
 III
The appellant next raises several issues concerning the enhancement of his sentence under both § 13A-12-250, Code of Alabama 1975, which imposes a penalty of five years in addition to any penalty for selling a controlled substance within a three-mile radius of a school campus and § 13A-12-270, Code of Alabama 1975, which imposes an additional penalty of five years for selling a controlled substance within a three-mile radius of a public housing project. The appellant argues that, because §§ 13A-12-250 and 13A-12-270 refer to the "unlawful sale of a controlled substance," they do not apply to him because he acted merely as a "procuring agent," instead of a seller of a controlled substance. The appellant also argues that §§13A-12-250 and 13A-12-270 refer only to sales of controlled substances, but not to other kinds of distributions of illegal drugs. We disagree with both contentions.
In Qualls v. State, 555 So.2d 1158 (Ala.Cr.App. 1989), this court broadly construed § 13A-12-250 to create a drug-free safety zone around schools: "We . . . believe that the legislature, by enacting Alabama's 'schoolyard statute,' intended to create an around-the-clock drug-free atmosphere on or near school grounds . . . [W]e believe that the legislature clearly intended to protect these areas, as well as the school grounds, from the evils associated with drug activities\ at all times." 555 So.2d 1158, 1165 (emphasis supplied). Whether the appellant is characterized as a "procuring agent" for or a seller of drugs, his "drug activity" clearly violates the legislative intent to create a "drug-free atmosphere on or near school grounds." Obviously a similar intent with regard to public housing projects motivated the passage of § 13A-12-270.
However, even had the legislature intended to exclude "procuring agents" or other types of drug traffickers from the application of §§ 13A-12-250 and 13A-12-170, those sections would still apply in this case because the appellant's activity with Dean was clearly a sale of a controlled substance. InQualls, a drug transaction identical in substance to the transaction in this case was ruled a sale. In that case, Claude Cosey, an undercover investigator, was asked by Qualls if he was interested in buying marijuana. Cosey gave Qualls $30 and waited in a Tom Thumb Convenience store parking lot. Soon after, Qualls returned with a bag of plant material, which was later determined to be marijuana. Qualls, 555 So.2d at 1159. See also, Smith v. State, 589 So.2d 798 (Ala.Crim.App. 1991).
The appellant in this case solicited the informant, took the marked money, and then returned with the marijuana, exactly as Qualls had done. In Qualls, this court found that the schoolyard statute, § 13A-12-250, was properly applied to Qualls. The fact that the evidence did not show where Qualls went to get the marijuana she delivered to Cosey was not relevant. Likewise, the trial judge in this case correctly rejected the appellant's "procuring agent" defense.
The appellant next contends that §§ 13A-12-250 and 13A-12-250
violate the doctrine of the separation of powers found in the Constitution of Alabama, 1901. Both enhancement statutes state that there is "no provision for probation" for the five-year enhancement term. The foundation of the appellant's argument is that Amendment 38 to the Alabama Constitution, 1901, gives the courts the power to grant probation, and therefore, he argues, the legislature usurped judicial power in enacting these statutes that bar probation under these statutes.
However, this attack on the constitutionality of these statutes is without merit. Amendment 38 clearly states that the legislature may authorize the courts to grant probation. "The concerned, was to grant the legislature the power to authorize the *Page 492 
courts to exercise probation power." In re Upshaw, 247 Ala. 221, 23 So.2d 861 (1945).
The appellant further contends that his sentencing under both § 13A-12-250 and § 13A-12-270 constitutes a double penalty for a single criminal act. We disagree. In Hardy v. State,576 So.2d 685 (Ala.Cr.App. 1991), this court stated that, in "reviewing a sentence which is alleged to be impermissibly multiple, a court must 'determin[e] what punishments the legislative branch has authorized.' " Quoting Whalen v. UnitedStates, 445 U.S. 684, 688, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715
(1980). Interpreting § 13A-12-250, the Hardy court stated that that section was clearly intended to operate as a sentencing enhancement provision: "Section 13A-12-250 works in concert with §§ 13A-12-211, and 13A-5-6 and effectively imposes only a single punishment for a single offense." Hardy v. State,576 So.2d at 687-88.
Both § 13A-12-250 and § 13A-12-270 begin with the same language: "In addition to any penalties heretofore or hereafter provided by law. . . ." This language evidences a clear legislative intent that persons who sell controlled substances within three miles of a school and a housing project shall have their sentences enhanced under both statutes. See also, Hesterv. State, 597 So.2d 1307 (Ala.Crim.App. 1992).
 IV
Finally, the appellant contends that the trial court erred in denying his motion for a new trial alleging newly discovered evidence and ineffective assistance of trial counsel. We disagree.
The awarding of a new trial on the grounds of newly discovered evidence rests in the sound discretion of the trial court and depends largely on the credibility of the new evidence. Peterson v. State, 426 So.2d 494, 497
(Ala.Cr.App. 1982). To establish the right to a new trial on the ground of newly discovered evidence, a defendant must show: that the evidence will probably change the result if a new trial is granted; that the evidence has been discovered since trial; that it could not have been discovered before trial by the exercise of due diligence; that the evidence is material to the issue; and that the evidence is not merely cumulative or impeaching. Stout v. State, 547 So.2d 894 (Ala.Cr.App. 1988),aff'd 547 So.2d 901 (Ala. 1989).
In post-trial testimony, William Hubert Dean, the brother of police informer Marvin Dean, stated that he and Marvin had co-owned the marijuana that the appellant ultimately sold to Marvin Dean. The appellant attempted to use William Hubert Dean's testimony as evidence of entrapment and argues that the State had concealed the evidence during the trial. Though William Hubert Dean did not testify at the trial, the trial judge, in his sound discretion, properly ruled that the testimony could not justify a new trial because that testimony was cumulative, of doubtful credibility, and contained information that could have been presented at the original trial. We agree with the trial judge.
The appellant also asserts that counsel was ineffective for failing to call as witnesses William Hubert Dean; Edward McClellon, the appellant's accomplice; or the appellant, and for failing to request a jury charge for possession. To demonstrate ineffectiveness of counsel, Strickland v.Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068,80 L.Ed.2d 674 (1984), states: "[t]he defendant must show that, but for counsel's unprofessional errors the proceedings would have been different." The record is devoid of support for a new trial on this ground.
Trial counsel's decision not to call Dean, McClellon, or the appellant was a strategic decision. Moreover, trial counsel's failure to request a jury charge on the lesser included offense of possession of marijuana did not change the outcome of the trial. In this case, there was no reasonable theory for a charge on possession of marijuana; thus, counsel could not have been deficient for failing to request an instruction that would not have been proper. See Buice v. State, 574 So.2d 55
(Ala.Crim.App. 1990). As the trial judge noted in his dismissal of the appellant's motion for a new trial on this ground, the appellant *Page 493 
had effective assistance of counsel before and during the trial.
For the reasons set forth above, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.