I concur in the holding that the enhancement provisions of §§ 13A-12-250 and 13A-12-270 apply only to " 'person[s] convicted of an unlawful sale of a controlled substance," 658 So.2d at 348, but if the petitioner's activity in this case was sufficient to constitute a "sale" within the meaning of §13A-12-211,[3] as the term "sale" is broadly defined by the Court of Criminal Appeals in Burks v. State, 611 So.2d 487
(Ala. 1993), then the trial court was authorized to enhance the defendant's sentence. I concur only to remand the case to the Court of Criminal Appeals, for that court to determine whether the activity that this defendant engaged in was a "sale," as that court has defined that term in Burks, the case that court cited as supporting its judgment.
In Burks v. State, 611 So.2d 487 (Ala.Cr.App. 1992), the Court of Criminal Appeals wrote:
 "The appellant next raises several issues concerning the enhancement of his sentence under both § 13A-12-250, Code of Alabama 1975, which imposes a penalty of five years in addition to any [other] penalty for selling a controlled substance within a three-mile radius of a school campus and *Page 351 
§ 13A-12-270, Code of Alabama 1975, which imposes an additional penalty of five years for selling a controlled substance within a three-mile radius of a public housing project. The appellant argues that, because §§ 13A-12-250 and 13A-12-270 refer to the 'unlawful sale of a controlled substance,' they do not apply to him because he acted merely as a 'procuring agent,' instead of a seller of a controlled substance. The appellant also argues that §§ 13A-12-250 and 13A-12-270 refer only to sales of controlled substances, but not to other kinds of distributions of illegal drugs. We disagree with both contentions.
 "In Qualls v. State, 555 So.2d 1158
(Ala.Cr.App. 1989), this court broadly construed § 13A-12-250 to create a drug-free safety zone around schools: 'We . . . believe that the legislature, by enacting Alabama's "schoolyard statute," intended to create an around-the-clock drug-free atmosphere on or near school grounds. . . . [W]e believe that the legislature clearly intended to protect these areas, as well as the school grounds, from the evils associated with drug activities at all times.' 555 So.2d 1158, 1165 [emphasis supplied in Burks]. Whether the appellant is characterized as a 'procuring agent' for or a seller of drugs, his 'drug activity' clearly violates the legislative intent to create a 'drug-free atmosphere on or near school grounds.' Obviously a similar intent with regard to public housing projects motivated the passage of § 13A-12-270.
 "However, even had the legislature intended to exclude 'procuring agents' or other types of drug traffickers from the application of §§ 13A-12-250
and 13A-12-270, those sections would still apply in this case because the appellant's activity with Dean was clearly a sale of a controlled substance. [Emphasis in Burks.] In Qualls [v. State, 555 So.2d 1158 (Ala.Cr.App. 1989)], a drug transaction identical in substance to the transaction in this case was ruled a sale. In that case, Claude Cosey, an undercover investigator, was asked by Qualls if he was interested in buying marijuana. Cosey gave Qualls $30 and waited in a Tom Thumb convenience store parking lot. Soon after, Qualls returned with a bag of plant material, which was later determined to be marijuana. Qualls, 555 So.2d at 1159. See also, Smith v. State, 589 So.2d 798
(Ala.Crim.App. 1991).
 "The appellant in this case solicited the informant, took the marked money, and then returned with the marijuana, exactly as Qualls had done. In Qualls, this court found that the schoolyard statute, § 13A-12-250, was properly applied to Qualls. The fact that the evidence did not show where Qualls went to get the marijuana she delivered to Cosey was not relevant. Likewise, the trial judge in this case correctly rejected the appellant's 'procuring agent' defense."
611 So.2d at 491. This Court denied certiorari review inBurks. In Pettway v. State, 624 So.2d 696 (Ala.Cr.App. 1993), the Court of Criminal Appeals reaffirmed its holding in Burks
and discussed the interplay between the enhancement statutes and § 13A-12-211:
 "The appellant argues that the trial court erred by enhancing his sentence under both §§ 13A-12-250
and 13A-12-270. However, this argument has previously been decided adversely to the appellant. In Burks v. State, 611 So.2d 487 (Ala.Cr.App. 1992), the defendant argued that sentencing him under both §§ 13A-12-250 and 13A-12-270, violated his rights because, he said, he received double penalty for a single criminal act. This court rejected that claim, stating:
 " 'In Hardy v. State, 576 So.2d 685
(Ala.Cr.App. 1991), this court stated that, in "reviewing a sentence which is alleged to be impermissibly multiple, a court must 'determin[e] what punishments the Legislative Branch has authorized.' " Quoting Whalen v. United States, 445 U.S. 684, 688, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). Interpreting § 13A-12-250, the Hardy court stated that the section was clearly intended to operate as a sentencing enhancement provision: 'Section 13A-12-250 works in concert with §§ 13A-12-211 and 13A-5-6 and effectively imposes only a single punishment for a single offense.' Hardy v. State, 576 So.2d at 687-88. *Page 352 
 " 'Both § 13A-12-250 and § 13A-12-270 begin with the same language: "In addition to any penalties heretofore or hereafter provided by law. . . ." This language evidences a clear legislative intent that persons who sell controlled substances within three miles of a school and a housing project shall have their sentences enhanced under both statutes. See also, Hester v. State, 597 So.2d 1307
(Ala.Crim.App. 1992).' "
It appears to me that the basic holding of the majority opinion may define "sale" more narrowly than that term has been defined in Burks and Pettway. In short, it seems to me that those cases hold that the enhancement provisions of §§13A-12-250 and 13A-12-270 are triggered when there is "drug activity" within the specified areas. The holding of this case seems to overrule portions of those cases. If it has that effect, I cannot agree with it, because I believe that Burks
and Pettway both properly apply the enhancement statutes.
[3] § 13A-12-211, "Unlawful distribution of controlled substances," provides:
 "(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V.
 "(b) Unlawful distribution of controlled substances is a Class B felony."
See Ala. Acts 1987, No. 87-603, p. 1047, § 2.